## WALTER I. HOWE, ET AL.
### vs.
## THE MERRITT-CHAPMAN & SCOTT CORPORATION, ET AL.

Superior Court        Middlesex County              File #7123

Present:   Hon. ERNEST A. INGLIS, Judge.

Henry H. Hunt,                        Attorney for the Plaintiffs.

## MEMORANDUM FILED DECEMBER 30, 1936.

INGLIS, J. Upon the hearing on this application the defendant The Merritt-Chapman and Scott Corporation did not see fit to retain counsel to represent it and the defendant Highway Commissioner, although represented by counsel, justifiably assumed a neutral position. The result has been that the Court has not had the benefit of such assistance in deciding the matter as ordinarily comes from a serious contest. It is apparent, however, that the issuance of such an injunction as is asked for would seriously affect the interests of those present employees of the defendant corporation who are not citizens of this State and who are not parties to this action. For that reason such an injunction should not issue simply because the parties to this action have not hotly contested it. It should issue only in the event that the Court is satisfied that the plaintiffs have, prima facie, a good cause of action and that therefore it is proper to maintain the status quo by such injunction.

The plaintiffs claim that they are or were in the employ of the defendant corporation as "sand hogs" and that the defendant has suspended them from that employment in order to make room for certain men who are not citizens of the State of Connecticut. They do not claim that any contract of employment between them and the defendant corporation

prevents their being discharged by the latter but rather rely on a term of the contract between the defendant corporation and the State of Connecticut under which contract the defendant corporation agreed to construct for the State the substructure of a bridge over the Connecticut River between Middletown and Portland. The term of that contract upon which the plaintiffs rely is, in substance, that the contractor "in the employment of unskilled labor . . . . shall give preference to residents of the town in which the work is being performed" or in any event to citizens of the State of Connecticut. It further provides that "excepting aliens, persons other than citizens of the State of Connecticut may be employed when citizens of the State of Connecticut are not available."

It is obvious that the plaintiffs, not being parties to that contract are not in any position to enforce it unless they are, as they claim, third party beneficiaries to that contract. Our law now clearly recognizes the right of third party beneficiaries to a contract to maintain suit upon that contract but it is also well established that in order that a person become such a third party beneficiary it is necessary that it appear that the parties making the contract intended, not only to benefit that person by the contract, but rather that the promisor should assume a direct obligation to him.

**Byram Lumber & Supply Co. vs. Page, 109 Conn., 256, 259; Baurer vs. Devenis, 99 Conn., 203, 212.**

There of course is no question but that the term of the contract in question does incidentally benefit the plaintiffs. It does not, however, benefit them in any way different from that in which it benefits all of the citizens of this State. As between them and the defendant corporation they have no hold on the jobs for which they were hired. The defendant corporation is entirely free to discharge them at any time. The term of the contract in question does not undertake to provide that any of the plaintiffs or indeed any other specific person or persons shall be hired by the defendant corporation. All that the contract undertakes to do is to compel the defendant corporation to employ some of the citizens of Connecticut in preference to outsiders. Clearly therefore, that term of the contract was entered into for the benefit of the State itself (in order to minimize appropriations for relief) and for the benefit of the public at large as represented by

the State. It was not the intent of the parties to the contract to benefit any individuals, except as they are incidentally benefitted by reason of the fact that they are members of the public at large in this State.

Such being the case it would seem to be reasonably obvious that it was far from the intent of the contracting parties that the promisor in that contract, the defendant corporation, should assume a direct obligation to any individual of the public. It was the intention that the obligation was assumed to the State alone. It follows that these individual plaintiffs are not third party beneficiaries to the contract between the State and the defendant corporation. They therefore have no standing to sue upon that contract.

Moreover if they did have any standing to sue upon the contract, they would not suffer any legal damage, let alone irreparable damage, by reason of the threatened breach of the contract by the defendant corporation. The only thing that can happen to them as a result of the defendant corporation hiring men from outside of the State is that they lose their jobs with the defendant. As pointed out above they have no legal right to, or hold on, their jobs. If, therefore, they lose their jobs they are not being deprived of anything to which they have any right or title. It follows that their being discharged from their jobs does not constitute legal damage. Not having lost anything to which they are entitled by reason of the defendants' breach of the contract and not being in a position where they can lose anything to which they are entitled by reason of any future breach of that contract, they clearly are not entitled to have such breaches enjoined.

For the foregoing reasons the application for a temporary injunction is denied.