## CARRIE CARPENTER
### vs.
## CITY OF NEW HAVEN

Superior Court        New Haven County        File #52611

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

David M. Reilly,                    Attorney for the Plaintiff.

Vincent Dooley,                    Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 27, 1937.

O'SULLIVAN, J.   Phillip Street, a public highway within the territorial limits of the City of New Haven and under its control and supervision, runs substantially north and south. From the west curb a two-foot sloping bank arises upon which there is a concrete sidewalk five and one-half feet in width. Approximately eighty feet north of Fountain Street, which intersects Phillip Street at right angles, the sidewalk drops seven inches in a distance of six feet.   At this point the walk becomes practically level for thirteen feet and then arises by a similar ramp to meet the normal grade.   The purpose of this method of construction was to permit automobiles to have easy access from the street to abutting property.   The sidewalk was built some years ago and is today without any flaws or defects in its surface.

On February 5th, 1937, shortly after one o'clock, the plaintiff was walking in a northerly direction upon this sidewalk. It was snowing at the time and the walk was covered with a two-inch fall.   The wind being from the north, the snow had drifted somewhat and between the two ramps was about four inches deep.   To the plaintiff, as she proceeded northerly, the sidewalk seemed to be level.

Not realizing the presence of a slope, she stepped upon the ramp, slipped and fell causing serious and permanent injuries to herself.   At all times she was acting the part of a reasonably prudent person.

However, she cannot recover unless she establishes that the City breached the duty it owed her and that the effect of such a breach was the sole proximate cause of her injuries. Among the concurring events upon which a municipality's liability to the penalty fixed by statute rests is the existence of a defect in the sidewalk.   **General Statutes, Sec. 1420; Bartram vs. Sharon, 71 Conn., 686, 694.**   If a sidewalk is reasonably safe for the traveling public, one cannot successfully urge that it is defective.   The sidewalk on Philip Street had been constructed according to approved practice.   As built and maintained, it was not only reasonably safe but also perfectly safe for the traveler to proceed over it under normal conditions.   It was devoid of any flaws or defects in its surface.   The cause of the plaintiff's fall was not due to a defective condition but to the presence of snow on the ramp.

In **Frechette vs. New Haven, 104 Conn., 83,** the sidewalk

involved in the case had been defective for some time due to the presence upon it of an accumulation of frozen snow and ice upon which other snow fell. Recovery by the plaintiff was sanctioned on the theory that the proximate cause of the injury was due to the defective condition beneath the new fall of snow. "In most instances of defect combined with natural cause to produce an injury, the natural cause cannot be held to be so direct and separate in its operation, that the defect cannot be said to have been the essential cause of the injury. But in the exceptional case it may be. If the injury would not have occurred but for the natural cause, the defect cannot be held to have produced the injury, nor can it be held to have been the essential cause of the injury." Frechette vs. New Haven, supra, Page 89.

The instant case has this vital distinguishing feature which is decisive. There was no defective condition in the walk which the newly fallen snow covered. The City is not an insurer of the safety of pedestrians. While the injury to the plaintiff is to be regretted, no liability under the facts established in this case may be imposed upon the City when snow, and not a defective sidewalk, caused the fall.

Enter judgment for the defendant.