[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a suit brought as a class action pursuant to Conn. Practice Book Secs. 87 and 88. Plaintiffs have not yet moved for certification as a class.
The plaintiffs are owners and/or residents of Seventy Grove Hill Condominium, and bring this action on behalf of a class consisting of all persons who, from January 1, 1983 to the present time, were or are owners of units and undivided percentage ownership interests in the common elements of the Condominium, excluding those persons who are defendants in this action.
Defendant Seventy Grove Hill Condominium Association, Inc. ("Association") is a nonstock Connecticut corporation and is the association of the unit owners which manages the Condominium pursuant to statute, the Declaration and the Bylaws of the Association. Defendant Joseph Coco ("J. Coco") is the President of the Association, a member of its Board of Directors and a unit owner. Defendant Peter Pifferi is a member of the Board of Directors and a unit owner. Defendant William Gadzik is the Treasurer of the Association, a member of its Board of Directors and a unit owner. Defendant Gregory Steltner is Vice President of the Association, a member of its Board of Directors and a unit owner. Defendant Robert DeFrancesco is a member of the Board of Directors and a unit owner. Defendant Michelle DiLoreto was Secretary of the Association through June, 1987, is a member of the Board of Directors and a unit owner.
Defendant Robert C. White Co., Inc. ("Manager") is a Connecticut corporation which is the manager of the Condominium and provides other services pursuant to a contract with the Association. Defendant Virigina Coco ("V. Coco") is an employee of the Manager and the wife of J. Coco.
Pursuant to Conn. Practice Book Sec. 151 et seq. the defendants (except V. Coco) have moved to strike the eleventh count of plaintiffs' complaint, which alleges a violation of CUTPA, Conn. Gen. Stat. sec. 42-110b. The eleventh count incorporates the allegations of the first, second, third, fourth, sixth and ninth counts, and alleges the following facts:
That the individual directors have breached their fiduciary duties to the plaintiff unit owners and the Association by their awareness and perpetuation of the employment of V. CT Page 248 Coco, which plaintiffs allege is unnecessary and has resulted in a drain of funds from the Association, resulting in plaintiffs paying higher common charges;
That the Association and individual directors have wrongfully retained and/or converted proceeds from the sale of common units and have acted ultra-vires and adverse to the plaintiffs by refusing to hold a meeting of unit owners despite being lawfully petitioned to do so;
That the Association and individual directors fraudulently induced plaintiffs to execute quit claim deeds of their interests in the common units, and renovated and sold these common units at below market prices to the detriment of plaintiffs, and that such action was not an exercise of legitimate business judgment but rather a calculated attempt "to bring in unit owners beholden and sympathetic to defendant J. Coco in order to consolidate his position as President and Director and for other wrongful purposes and private gain;"
That the Manager has breached his fiduciary duties to the Association and plaintiff unit owners by its negligence in advising the Association and its failure to keep abreast of the latest statutory requirements and management trends, and by deliberately or recklessly misleading prospective and current owners as to the status of litigation affecting the Association; and further, that the Manager has breached its contract with the Association by failing to provide the contracted for services, to the detriment of the plaintiffs.
In the eleventh count, which incorporates the foregoing allegations, plaintiffs allege that the Association, Manager and defendant directors were engaged in the trade and/or commerce of operating and/or managing a condominium; that the acts alleged constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce; and that plaintiffs have been damaged and/or suffered an ascertainable loss as a result of such acts.
Defendants move to strike the CUTPA claim for failure to state a claim upon which relief can be granted, in that plaintiffs did not suffer injuries recognizable under CUTPA. Both parties have filed memoranda of law on the motion to strike, pursuant to Conn. Practice Book Sec. 155 in which the following arguments are presented:
Defendants argue that the injuries plaintiffs claim to have suffered as well as the acts of which they complain are not within the scope of CUTPA. Specifically, defendants argue that a party claiming a CUTPA violation must allege that the CT Page 249 acts complained of have caused substantial injury to consumers, competitors or businessmen, and that plaintiffs have not made, and could not make, such an allegation because the acts complained of could not cause such an injury.
Defendants frame plaintiffs' claim as one by unit owners of a condominium, for allegedly tortious conduct in the governance and management of the the Condominium. Defendants argue that such a claim is analogous to one by shareholders of a corporation for mismanagement of the corporation, and any injuries allegedly suffered by the plaintiffs are not, as a matter of law, injuries to consumers, competitors or businessmen.
Plaintiffs argue that because they pay for the service of the Association to manage the Condominium, they stand in the position of consumers of services, and therefore their claims in the first and second counts of the complaint of unfair and deceptive acts in the provision of those services are within the scope of CUTPA.
Regarding their claims relating to the sale of certain of the units, plaintiffs argue that CUTPA applies to any sale of real estate, and therefore the claims in the third, fourth and sixth counts are covered by CUTPA.
Plaintiffs next argue that the claims in the eighth and ninth counts relate to unfair and deceptive acts in contracted-for management services. Because the management company is an outside corporation, unaffiliated with the Association, plaintiffs argue that defendants' attempt to dismiss the manager's acts as matters of internal management of the association must fail.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Book Sec. 152 (rev'd. to 1978 as up-dated to 1989); Ferryman v. Groton, 212 Conn. 138, 142 (1989). Allegations in a pleading that are merely conclusions of law and not supported by sufficient alleged facts are subject to a motion to strike. Cavallo v. Derby Savings Bank, 188 Conn. 281,285 (1982). If a plaintiff's complaint contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206,218-19 (1987). A party can move to strike any count of a complaint pertaining to a party's liability based on a failure to allege the necessary facts. Rowe v. Godou, 209 Conn. 273, 279
(1988).
On a motion to strike, all well-pleaded facts are admitted. Ferryman, 212 Conn. at 142. In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings, and must construe those facts in the manner most favorable CT Page 250 to the nonmoving party. Rowe v. Godou, 209 Conn. at 278. It is for the court then to determine whether the party, in the challenged count, has stated a legally sufficient cause of action. Greene v. Metals Selling Corp., 3 Conn. App. 40, 42
(1984).
A motion to strike must specifically state the grounds and reasons for the claimed legal insufficiency and separately set forth such claims. Conn. Practice Book Sec. 154; Board of Education v. Dow Chemical Co., 40 Conn. Sup. 141
(1984). A court should not consider grounds other than those specified. Dow Chemical, 40 Conn. Sup. at 142.
Conn. Gen. Stat. sec. 42-110b (rev'd. to 1989), the Connecticut Unfair Trade Practices Act (CUTPA), provides "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. sec. 42-110b(a). CUTPA is to be liberally construed. Conn. Gen. Stat. sec. 42-110b(d); Web Press Services Corp. v. New London Motors, 203 Conn. 342, 354
(1987). "Trade" and "commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this State." Conn. Gen. Stat. sec. 42-110a(4) (rev'd. to 1989).
Although plaintiffs allege that the defendants are engaged in the trade and/or commerce of operating and/or managing a condominium, the facts alleged do not support this legal conclusion. Under the facts alleged, the defendants are not engaged in "trade" or "commerce" within the meaning of CUTPA, and therefore plaintiffs' claims are beyond the scope of the Act.
Plaintiffs have alleged that the defendant Association is a non-stock corporation which manages the condominium. The Association is comprised of unit owners, such as the plaintiffs. The other defendants, with the exception of Robert White Company, are unit owners, as well as directors and officers of the Association. The relationship between the plaintiffs and defendants does not appear to be one involving persons engaged in trade or commerce and consumers, but rather, akin to the relationship between shareholders of a corporation and the corporation's officers and directors. As such, it is not within the scope of CUTPA.
"CUTPA is a consumer protection statute intended to provide an individual with an action more flexible and a remedy more complete than does common law." Sprayform, Inc. v. Durant's Rental Centers, Inc., 39 Conn. Sup. 78, 79 (Super.Ct. CT Page 251 1983). The scope of CUTPA should be determined by "`the gradual process of judicial inclusion and exclusion.'" Murphy v. McNamara, 36 Conn. Sup. 183, 189 (Super.Ct. 1979) (quoting Federal Trade Commission v. R. F. Keppel Bros., Inc., 291 U.S. 304,312).
In New Section Glen Oaks Condominium, Inc. v. Glen Oaks Associates, Inc., 4 CSCR 378 (March 17, 1989, Thompson, J.), a condominium association brought suit against the declarant of the condominium, its officers and directors. Two counts of the complaint alleged CUTPA violations. The defendants argued that the complained of conduct did not constitute "trade" or "commerce" under the Act. Id. The court struck the sixth count on the ground that it failed to state a cause of action under CUTPA, in that its allegations were of mismanagement of the unit owners' association. Id. at 379. Although the court allowed the ninth count to stand, that the ground on which the court based its decision is not present in this case. The ninth count related to a claim of impropriety in connection with the sale of units by the declarant. In upholding the ninth count, the court found that the claim dealt with matters affecting the common interest community, and pursuant to Conn. Gen. Stat. sec. 47-244 (4), the plaintiff had standing to assert such a claim. Id. Since the plaintiffs in this case are not the Association, but rather individual unit owners, New Section Glen Oaks does not provide a basis for upholding their CUTPA claims. The allegations made by plaintiffs can be characterized as claims of mismanagement of the unit owners' association, its directors, and officers, and are, therefore, not viable as CUTPA claims under New Section Glen Oaks.
Cases applying CUTPA in the context of corporate mismanagement also fail to support plaintiffs' arguments. In Jesperson v. Ponichtera, 4 CSCR 611 (October 19, 1989, Lewis, J.), the court struck a CUTPA claim by shareholders against the corporation and its president, stating:
 Although the defendant corporation is engaged in leasing warehouse space, the improprieties alleged do not go to the trade or commerce activities of the corporation, but rather refer to alleged acts of malfeasance by Ponichtera. The allegations of the shareholders' complaint involve the internal business affairs of the corporation, and the damages alleged are largely, if not entirely, confined to the corporate shareholders and the corporation. Consequently, the CUTPA requirement that the complained of unfair practice `caused substantial injury CT Page 252 to consumers [(competitors or other businessmen)]' Daddona v. Liberty Mobile not been satisfied.
Id. The Supreme Judicial Court of Massachusetts denied a claim brought under the Massachusetts equivalent of CUTPA, Mass. Gen. L. ch. 93A, in Riseman v. Orion Research, Inc., 394 Mass. 311,475 N.E.2d 398 (1985). Characterizing Riseman's claims as the assertion of wrongs in the governance of the corporation, the court stated:
 We similarly conclude that G.L. c. 93A, a statute enacted to provide protection to consumers and to provide protection against unfair methods of competition or unfair or deceptive acts or practices in trade or commerce, does not reach alleged wrongs asserted by a stockholder against a corporation in the internal governance of the corporation. Such a stockholder is not without an alternative method of obtaining relief. See, e.g., G.L. c. 156B, sec. 34, concerning the right of a stockholder holding at least 10% of the voting stock to obtain from a court the right to call a meeting of stockholders; 15 U.S.C. § 78aa, 78n (1982), and 17 C.F.R. § 240.14a-9 (1984), concerning false and misleading proxy solicitations, and J. I. Case Co. v. Borak, 377 U.S. 426, 430-31, 84 S.Ct. 1555, 1558-1559, 12 L.Ed.2d 423 (1964), holding that a stockholder has the right to maintain a private action seeking relief from a violation of S.E.C. regulation 240.14(a)-9.
 What we said in our Zuckerman opinion, supra at 12, 444 N.E.2d 1262, after referring to other remedies available to employees, is relevant here: "In light of these comprehensive protections for employees and after ten years of existence of sec. 11, it would be somewhat surprising if we should now conclude that the Legislature intended that allegedly unlawful acts under G.L. c. 93A, sec. 2(a), and sec. 11, also include matters arising from an employment relationship" In this case, the same should be said about stockholder grievances arising in the course of the governance of a corporation.
CT Page 253
Id. at 400 (emphasis added).
 The analysis applied by the Massachusetts court is applicable to cases arising under CUTPA. The pertinent provisions of Mass. Gen. Law ch. 93A and Conn. Gen. Stat. sec. 41-110b are nearly identical. See Bailey Employment System v. Hahn, 655 F.2d 473,476 (2d Cir. 1981).
Applying the analysis of the foregoing cases to the claims of the plaintiffs here, they are not viable CUTPA claims. Plaintiffs have alleged a breach of fiduciary duties by the defendants in the employment of V. Coco, ultra-vires acts in the refusal to hold a unit owners' meeting, and failure to exercise business judgment in the renovation and sale of common units. These allegations go to the internal governance of the condominium, and as such are not covered by CUTPA. As to the claims against the Manager, while there may be a CUTPA violation as a result of the Manager's alleged conduct, the claims plead against the Manager in counts eight and nine rightfully belong to the Association, not the individual unit owners, since the Manager's contract is with the Association not the owners.
Accordingly, the motion to strike is granted.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT