[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
Plaintiff Roberta Benedetto brings a four count complaint against the defendant The New Bath, Inc. for damages resulting from the defendant's defective and incomplete remodeling of two bathrooms in the plaintiff's home.
The third count of the homeowner's complaint attempts to set forth a cause of action pursuant to Conn. Gen. Stat.20-429, The Home Improvement Act.
In paragraph one of the third count, plaintiff alleges a contract between plaintiff homeowner and defendant contractor. In paragraph two, plaintiff alleges the contract price and an amount allegedly paid by plaintiff to defendant. In paragraph ,
plaintiff alleges that the contract is invalid for failure to comply with three subsections of the Home Improvement Act.
Defendant moves to strike the third count of plaintiff's complaint on the ground that it fails to state a cause of action under the Home Improvement Act. Both parties have filed a memorandum of law.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180 (1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon, 208 Conn. at 170. The court "must take the facts to be those alleged in the complaint in the manner most favorable to the pleader." CT Page 1117 Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987). "[I]f facts provable under the allegations would support . . . a cause of action, the motion to strike must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Defendant moves to strike the third count of plaintiff's complaint on the basis that Conn. Gen. Stat. 20-429 is designed to establish a defense for a homeowner against a suit by a contractor. The defendant argues that the statute does not establish a new cause of action for a homeowner against a contractor for technical deficiencies in the contract form.
Conn. Gen. Stat. 20-429 states that "[n] home improvement contract shall be valid or enforceable against an owner unless. . . ."
Without citing to any case law, plaintiff argues that the above language of 20-429 has two purposes. Plaintiff asserts that one purpose is that the contract will not be valid unless it complies with the statute and the second purpose is that the contract will not be enforceable against an owner unless it complies with the statute. Plaintiff argues that she should be entitled to have the contract held invalid. Plaintiff concludes that the third count should remain in the complaint because there is no language in the statute that limits its use to a defense for a homeowner against a suit by a contractor or precludes its use by a homeowner against a contractor.
"Section 20-429 does not give rise to a cause of action." Gbadebo v. Sales, 4 CSCR 381, 382 (March 22, 1989, O'connor, J.). In Gbadebo, plaintiffs homeowners, instituted an action against defendant contractor to recover for the alleged breach of a home improvement contract. Defendant moved for summary judgment on count three of plaintiff's complaint which alleged breach of Conn. Gen. stat. 20-429 on the ground that count three does not set forth a cause of action which relief may be granted. The court granted defendant's motion for summary judgment. The court reasoned that "[t]he sole effect of 20-429
is to render invalid and enforceable an oral home improvement contract." Id. As to count three the court concluded that "the plaintiffs have not stated a claim upon which relief can be granted." Id. See also Gaudette v. Tolmie, D.N. CV89 028681, J.D. of Ansonia/Milford at Milford, Memorandum of Decision on Motion to Strike, February 8, 1990, Meadow, J. (Defendant's motion to strike granted because Conn. Gen. Stat. 20-429, the Home Improvement Act does not create a cause of action.)
Recently, the Connecticut Supreme Court in dicta explored the possibility that The Home Improvement Act could be employed as a "sword rather than as a shield" and suggested various CT Page 1118 methods by which the legislature might cure inequities in the application of 20-429.
 The legislature, having responded to the plight of consumers overborne by high pressure home improvement salesmanship, ought nonetheless to contemplate the possibility that some inexperienced contractors may encounter homeowners who use 20-429 as a sword rather than as a shield. The legislature may want to consider requiring homeowners to exercise their statutory rights within a reasonable period of time. . . . [T]he legislature might want to distinguish between a homeowner's invocation of the statute as a defense to an action by a contractor and a homeowner's affirmative reliance on the statute to recover a down payment or progress payments that represent work performed in good faith by a contractor.
Barrett Builders v. Miller, 215 Conn. 316, 328-29 (1990).
In the instant case plaintiff is attempting to recover the payments that represent the work performed by defendant contractor. It is the court's opinion that the weight of the case law on this type of suit by a homeowner suggests that Conn. Gen. Stat. 20-429 is a defense and does not provide an independent cause of action for a homeowner against a contractor. The plaintiff has available and has employed other remedies by way of negligence, CUTPA, and breach of contract theories of liabilities. In conclusion, therefore, defendant's motion to strike count three on the ground that it fails to state a claim for relief pursuant to The Home Improvement Act,20-429 is granted.
JOHN J. P. RYAN, J.