[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON MOTION TO STRIKE
The defendants move to strike the first count of the plaintiffs' complaint on the grounds of legal insufficiency based on the Home Improvement Act, Connecticut General Statutes20-418 through 20-431.
The plaintiff, homeowners Linda and Donald Widell, are bringing a three count amended complaint against two defendants: Mildred Perkett who was engaged in the business of interior decorating, and The Red Geranium, the employer of Ms. Perkett. The first count essentially sounds in breach of contract and alleges that in mid September of 1988, defendant Perkett orally agreed to redecorate the plaintiffs' residence including making curtains, pillows and bench covers for the family room and wallpapering and painting various other rooms. The plaintiffs allegedly paid the defendant Perkett approximately $16,000 to perform these redecorating services. According to the plaintiffs, the defendant has refused to complete the interior decorating services despite the plaintiffs' written demand for completion. In the second count, the plaintiffs allege that they requested that defendant Perkett provide them with an accounting in the form of an itemized bill for all services and materials rendered, but defendant has refused to do so. The third count is being brought against The Red Geranium and alleges that the defendant Perkett was acting as its agent, servant and/or employee within the scope of her employment and/or authority.
The most recently amended complaint is dated January 8, 1990. The defendant filed a Motion to Strike the prior amended pleading dated September 22, 1989 and a memorandum in support of that motion on November 30, 1989. The plaintiffs filed a memorandum in opposition to defendant's Motion to Strike on January 26, 1990. On June 6, 1990, the defendant filed a supple mental memorandum in support of the motion to strike dated November 29, 1989. The defendant moves to strike the first count of the plaintiffs' amended complaint dated September 22, 1989 "because it fails to state a claim upon which relief can be granted in that it alleges a claim founded upon a home improvement contract which is not in writing and such are not valid." The defendant also moves to strike a portion of the first count. Because the first count of the amended complaint dated September 22, 1989, is identical to the first count of the amended complaint dated January 8, 1990, and the defendant's motion to strike is addressed only to the first count, this memorandum will assume that the motion to strike is applicable to the most recent pleading. CT Page 3736
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well-pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34, 37
(1987).
In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings. Rowe v. Godou, 209 Conn. 273,278 (1988). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Id. "[I]f facts provable under the allegations would support a . . . cause of action, the motion to strike must fail." Ferryman,212 Conn. at 142.
In the defendant's memorandum of law in support of the Motion to Strike, the defendant contends that because the agreement was not in writing pursuant to Connecticut General Statutes20-429, because the plaintiffs fall within the definition of "owner" under 20-419 (6) and the defendant within the definition of "contractor" under 20-419 (3), and because these services are included under "home improvement" pursuant to 20-419 (4), the plaintiffs' claim is not valid under 20-429 because it was an oral agreement. The plaintiffs in opposition to the defendant's motion to strike argue that they have not pled a statutory cause of action under The Home Improvement Act, Connecticut General Statutes 20-418 et seq., but rather the complaint sounds in breach of contract. Furthermore, the plaintiffs contend that The Home Improvement Act does not cover interior decorating services.
Connecticut General Statutes 20-429 provides in relevant part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing . . . ." (emphasis added). In Caulkins v. Petrillo, 200 Conn. 713 (1986), the court held that all home improvement contracts must be, without exception, in writing to be valid or enforceable. Id. at 720. In Caulkins, however, the action was being brought by a contractor against a homeowner and the court was relying on the earlier version of the statute which read: "[n]o home improvement contract shall be valid unless it is in writing . . . ." Id. The court in Caulkins noted that "this law was passed for the protection of the public and . . . the remedial purposes of the statute would be undermined if this court were to permit a contractor to enforce an oral contract on the grounds claimed." Id.
In a series of recent Supreme Court cases, the court has reiterated this legislative intent of consumer protection by holding that absent proof of bad faith on the part of the home, CT Page 3737 owner, 20-429 permits no recovery in quasi contract by a contractor who has failed to comply with the act's written contract requirement. See Barrett Builders v. Miller, 215 Conn. 316 (1990); A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336 (1990); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345 (1990); Sidney v. DeVries, 215 Conn. 350 (1990). In Barrett, 215 Conn. at 326-27, the court noted that "[c]learly, the legislature is entitled, in the first instance, to impose the burden of compliance with the statute on the professional, the contractor, rather than on the nonprofessional, the consumer. Viewing the continued incidence of complaints about home improvement contractors, the legislature could legitimately view as more urgent the need to protect consumers from unscrupulous contractors than the need to protect innocent contractors from manipulative consumers." Id. In Barrett, 215 Conn. at 327 n. 5, the court noted that it need not now resolve the thorny issue of whether a homeowner who has received materials and services and who has made payments in recognition of that benefit can recover those payments. In light of the legislative intent and the case law interpreting the statute, to allow the contractor to use this statute as a defense would contravene its purpose.
Generally, Connecticut General Statute 20-429 does not create a cause of action. See Gbadebo v. Sales, 4 CSCR 381, 382
(March 22, 1989, O'Connor, J.); Gaudette v. Tolmie, 5 CSCR 312
(February 8, 1990, Meadow, J.); Benedetto v. New Bath, Inc., D.N. CV90 0106862 S, J.D. of Stamford/Norwalk at Stamford, (Memorandum of Decision on Motion to strike, August 29, 1990, Ryan, J.). The plaintiff, however, has available other remedies by way of amongst others breach of contract. See Benedetto, supra. In the first count, plaintiffs have asserted their claim based upon breach of an oral contract by the defendants. In Melita v. Wells,5 CSCR 196 (March 1, 1990, Thim, J.), the court found in a suit by a plaintiff homeowner against the defendant contractor that an oral home improvement contract may be enforced against the contractors even though the contract may not be enforced against the home owners. Id. We find that the first count of the plaintiff's complaint sets forth sufficient allegations to support a breach of contract claim. Accordingly the defendant's motion to strike the plaintiffs' first count is denied. Since we are denying the motion to strike count one in its entirety, the motion to strike a portion of the first count is moot.
HENNESSEY, J.