[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are owners of a residence located in Hamden, Connecticut and the defendant is a licensed contractor in Connecticut. The plaintiffs have brought a three count amended complaint dated September 18, 1990, against the defendant. The first count is brought pursuant to the Home Improvement Act, Connecticut General Statutes 20-418 et seq.; the second count pursuant to the Home Solicitation Sales Act, Connecticut General Statutes 42-135a et seq.; and the third count pursuant to the Connecticut Unfair Trade Practices Act, Connecticut General Statutes 42-110a et seq.
The following facts are alleged in count one of the amended complaint. On August 1, 1989, the defendant submitted to the plaintiffs a written proposal of work and services signed by the defendant to be done at the plaintiffs' residence for a fixed fee payable in installments. On August 1, 1989, the plaintiffs accepted the proposal and entered into a written contract with the defendant. The plaintiffs tendered an initial payment of $15,820.00 to the defendant before any work was done. The written agreement did not contain a starting or completion date in violation of the Home Improvement Act, Connecticut General Statutes 20-429 (a) and 20-429 (e). The defendant began the work on or about August 1, 1989, but failed to perform in a workmanlike manner and abandoned the project unfinished and incomplete. The plaintiffs paid the defendant a total of $31,640.00 and will be required to expend more than $25,000.00 to repair and complete the work.
Count two incorporates counts one and further alleges that the defendant failed to provide the plaintiffs with a written CT Page 3651 opportunity to cancel or rescind the contract in violation of the Connecticut Home Solicitation Sales Act, Connecticut General Statutes 42-135a et seq. Count three incorporates the previous two counts and further alleges that the conduct, acts and business practices of the defendant constitute an unfair and deceptive business practice in violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes 42-110a et seq.
Pursuant to Connecticut Practice Book 152, the defendant is moving to strike the first and second counts of the amended complaint on the grounds that the allegations are not legally sufficient to support the causes of action alleged and that the statutory provisions relied upon do not establish independent causes of action upon which relief can be granted. The defendant has filed a memorandum dated December 6, 1990 in support of the motion to strike. The plaintiffs have not filed a memorandum in opposition to defendant's motion to strike.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Connecticut Practice Book 152 (rev'd to 1978, as updated to July 1990). In determining whether a motion to strike should be granted, the issue is whether if the facts alleged are taken to be true, the allegations provide a cause of action. King v. Board of Education, 195 Conn. 90, 93 (1985). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278
(1988).
The file does not contain a memorandum from the plaintiffs in opposition to the defendant's motion to strike. Connecticut Practice Book 155 as amended provides:
 Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies.
 If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law.
Prior to this amendment (October 1, 1989), an adverse party who failed to timely file the memorandum was deemed by the court to have consented to the granting of the motion. See Hughes v. CT Page 3652 Bemer, 206 Conn. 491 (1988). Section 155 was amended so that the failure to timely file an opposing memorandum will not necessarily be fatal and the court may address the merits. See Southport Manor Convalescent Center, Inc. v. Foley, 20 Conn. App. 223,226 n. 3 (1989). "However, despite the amendment to Connecticut Practice Book 155, the filing of a memorandum in opposition to a motion to strike is mandatory and failure to file such may still serve as a ground for granting a motion to strike." Olshefsia v. Stenner, 2 CTLR 369 (September 27, 1990, Clark, J.). Thus, although this is still a ground for granting the motion, the court has the discretion to waive the failure to file the memorandum in opposition.
Connecticut General Statutes 20-418 through 20-430
(rev'd to 1991) provide the statutory requirements governing home improvement contracts. The Home Improvement Act (HIA) was enacted to protect the consuming public from unscrupulous contractors. Barrett Builders v. Miller, 215 Conn. 316, 326
(1990). However, generally Connecticut General Statutes20-429 does not create an independent cause of action. See Gbadebo v. Sales, 4 CSCR 381, 382 (March 22, 1989, O'Connor, J.); Gaudette v. Tolmie, 5 CSCR 312 (February 8, 1990, Meadow, J.); Benedetto v. New Bath, Inc., 16 Conn. Law Trib. No. 39, p. 31 (Super.Ct., August 29, 1990, Ryan, J.). "The sole effect of section 20-429 is to render invalid and unenforceable an oral home improvement contract." Gbadebo, 4 CSCR at 382.
Rather, pursuant to Connecticut General Statutes20-427 (b) (rev'd to 1991), "[a] violation of any of the provisions of [the HIA] shall be deemed an an unfair or deceptive trade practice under subsection (a) of section 42-110b
[CUTPA]." Count three of the amended complaint alleges that the defendant violated sections 20-429 (a) and 20-429 (e) of the HIA in violation of CUTPA. Because count one merely alleges a violation of the HIA and these statutory provisions do not establish an independent cause of action, count one is stricken.
In count two, the plaintiffs allege a violation of the Home Solicitation Sales Act (HSSA), Connecticut General Statutes 42-134a et seq. The purpose of the HSSA is to protect consumers from high pressure sales tactics. Associated Credit Co. v. Nogic, 6 Conn. Cir. Ct. 745, 748 (1974). In particular, the plaintiffs allege that the defendant failed to provide the plaintiffs with a written opportunity to cancel or rescind the contract and did not inform them that they had any such right. Pursuant to Connecticut General Statutes42-141 (b) a violation of any of the HSSA provisions is deemed a CUTPA violation under Connecticut General Statutes 42-110b. Because these provisions are similar to the HIA provisions, the CT Page 3653 HSSA also does not establish an independent cause of action. Thus, because violations of the HSSA under count two are incorporated into the third count alleging CUTPA violations, the second count is stricken.
McKeever, J.