[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiffs, members of the Bishop's Cove Association, CT Page 8696 Inc., filed a two-count complaint naming the members of the Board of Directors of the Bishop's Cove Association, Inc., as defendants. The plaintiffs allege in the first count of their complaint that the defendants violated a fiduciary duty owed to the plaintiffs in that they failed to collect certain monies owed to the Association. The plaintiffs allege in their second count that the defendants' actions constitute a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110 et seq. (hereinafter "CUTPA").
On August 27, 1993, Wendy A. Turner (hereinafter "defendant"), one of the named defendants, filed a partial motion for summary judgment on count two of the plaintiffs' complaint.
Summary judgment is appropriate when the moving party proves that there exists no genuine issue or material fact and that she is entitled to judgment as a matter of law. Practice Book 284.
General Statutes 42-110b(a) provides that: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The management of a condominium association does not constitute "trade or commerce." Sargis v. Seventy Grove Hill Condominium Association, 5 CSCR 597 (July 19, 1990, Aronson, J.); Glen Oaks Condominium, Inc. v. Glen Oaks Associates, Inc.,4 CSCR 378 (March 17, 1989, Thompson, J.). Accordingly, the defendant Turner's motion for summary judgment on count two of the plaintiffs' complaint is granted.
Austin, J.