[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Roger J. Frechette for plaintiff.
Virshup, Caplan Hect for defendants.
MEMORANDUM OF DECISION
The plaintiff brought this action in contract against Frank and Perry Fanelli ("Fanelli") individually and Fanelli Construction Company ("Company"). The allegations of the ten count complaint claim that the defendants breached a contract to build an addition to the plaintiff's home, thereby causing him to suffer damages.
The fourth count of the complaint, directed solely against the individual defendants, and the ninth count, directed solely as to the Company, allege violations of General Statutes § 20-418, etseq., commonly referred to as the Home Improvement Act. The defendants filed their answers and special defenses and then moved for summary judgment as to the fourth and ninth counts on the grounds that these counts do not state a recognizable cause of action.
Although the court has not received a reply to the special defenses, ["The rules of practice in Connecticut require that all pleadings be closed before a party may move for summary judgment."Orticelli v. Powers, 197 Conn. 9, 15 (1985)], reasons of judicial economy dictate in this instance that the court address the motion on its merits.
It is clear that the Home Improvement Act in general and § 20-429
of the statute in particular does not create an independent cause of action against a contractor. "Section 20-429 does not give rise to a cause of action. The sole effect of section 20-429 is to render invalid and unenforceable an oral home improvement CT Page 1035-A contract." Gbadebo v. Sales, 4 CSCR 381 (March 22, 1989, O'Connor, J.). While there is dicta questioning whether noncompliance with § 20-429 created a cause of action for the homeowner, the Supreme Court has not addressed this issue directly. BarrettBuilders v. Miller, 215 Conn. 316 (1990).
It has been stated that "the weight of the case law on this type of suit by a homeowner suggests that Conn. Gen. Stat. § 20-429 is a defense and does not provide an independent cause of action for a homeowner against a contractor." Benedetto v. New Bath, Inc.,2 Conn. L. Rptr. 310, 311 (August 29, 1990, Ryan, J.).
The defendants' motion for summary judgment on counts four and nine of the complaint is granted in that said counts fail to state a legally recognizable cause of action.
Gray, J.