[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, West Farms Condominium Association No. 1, Inc., has filed this action seeking to foreclose its lien for common charges. The defendants, Andrew G. Satell and Margaret B. Furman, have filed an answer with eight special defenses a setoff and a five count counterclaim. That counterclaim alleges, in part, that the plaintiff's practices of imposing interest and late charges, as well as its collection attempts, CT Page 4964 violates it bylaws and constitutes a violation of General Statutes § 42-110b et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'"Novametrix Medical System, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. " Id., 215. The motion "admits all facts well pleaded." Perryman v. Groton, 212 Conn. 138, 142 (1989). The standard is the same in attempting to strike a counterclaim. See Nowak v. Nowak, 175 Conn. 112, 116 (1978).
In their second count, the defendants state as follows:
 3. On or before March 10, 1992, the Plaintiff, West Farms Condominium Association No. 1, Inc., imposed interest charges and late charges upon the Defendants.
 4. Article V, Section 58 of the By-Laws which are incorporated into the Declaration, do not provide for late charges and impose interest at the rate of nine (9%) percent per annum from the due date for common charges.
They then conclude in paragraph five that the "imposition of interest and late charges constitute [sic] deceptive and unfair trade practices and action and are prohibited under Connecticut General Statutes Section [sic] 42-115p, 42-115u[1]
and 42-110b, and the regulations promulgated thereunder."
"In enacting CUTPA, the legislature intended to create an expansive act which would provide relief to persons suffering CT Page 4965 `any ascertainable loss' as a result of an unfair or deceptive trade practice. General Statutes § 42-110g(a). To that end, the legislature expressly provided that `[i]t is the intention of the legislature that this chapter be remedial and be so construed.' General Statutes § 42-110b()d)." Web PressServices Corporation v. New London Motors, Inc., 203 Conn. 342,354 (1987). General Statutes § 42-110b states:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
Trade and commerce is defined in General Statutes § 42-110a(4) to mean:
 [T]he advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible, or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
The plaintiff has filed the instant motion to strike based on two Superior Court decisions which hold that CUTPA does es not apply to collection practices that are not conducted in the course of a trade or commerce. First, in Sargis v.Seventy Grove Hill Condominium, 1990 Case Base 246 (July 19, 1990), Judge Aronson rejected a CUTPA claim against a condominium association finding that the association was not engaged in a "trade" or "commerce" within the meaning of CUTPA.
In fact, he held that the relationship between the members of the association and its board were more "akin to the relationship between shareholders of a corporation and the corporation's officers and directors." Id. In the second case, Hunter v. Turner, 10 CONN. L. RPTR. 273, 1993 Ct. Case Base 8695 (October 22, 1993), Judge Austin adopted the same position based in part on Judge Aronson's ruling in Sargis as well as that by Judge Thompson in Glen Oaks Condominium, Inc. v. Glen OaksAssociation, Inc., 4 CSCR 378 (1989). In Glen Oaks, the court held that claims against a condominium declarant for failure to properly charge, collect, and pay common expenses and maintain proper services (in effect the opposite of the present case) were really claims of mismanagement and thus insufficient to state a cause of action under CUTPA. This CT Page 4966 reasoning was also adopted in Jesperson v. Ponichtera, 15 CLT 46 (November 20, 1989) (Lewis J.), in which the court found that a shareholder action against management for certain improprieties (removal and sale of items from a self-storage facility after a default in the rental agreement) was really a claim involving malfeasance by the corporation and not a CUTPA violation.
The court is in agreement with all of the above decisions and holds that this plaintiff was not engaged in a trade or commerce — at least under these circumstances — in attempting to collect the defendants' common charge. Accordingly, the motion to strike the second count is granted.
Berger, J.