[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO ARTICULATE
On March 30, 1995, the defendant, Bank of Boston Connecticut ("Bank"), filed a motion to strike the sixth count of the plaintiff's revised complaint, alleging that the defendant violated the Connecticut Unfair Trade Practices Act ("CUTPA"). On June 6, 1995, the court denied the motion to strike. On June 20, 1995, the Bank filed a motion for articulation, asking the court to articulate the ground or grounds for its decision denying the motion to strike. The court, concluding that the Bank is entitled to an articulation, grants the motion to articulate, and hereinafter sets forth the rationale for its decision to deny the Bank's motion to strike.
The sixth count of the complaint alleges that the Bank, through its agent, acted as the declarant for the condominium known as Woodland Heights. The plaintiff, Woodland Heights Condominium Association, the condominium's homeowner's association, alleges that the Bank failed to exercise its statutorily imposed responsibilities and duties as the declarant of the condominium. The sixth count of the revised complaint alleges that the Bank failed to act in the plaintiff's best interests, and thus, breached a fiduciary duty owed to the plaintiff. The revised complaint further alleges that the Bank, through its agent, used association funds to pay for expenses relating to units that the Bank owned. The sixth count alleges that the several acts of the Bank constitute violations of CUTPA.
The Bank moved to strike the sixth count, arguing that the conduct complained of by the plaintiff is not actionable under CUTPA. The Bank argues that in order to constitute a CUTPA violation, the conduct complained of must involve or concern trade or commerce. The Bank contends, however, that the alleged wrongful conduct complained of by the plaintiff in the sixth count involves the internal governance of the condominium and does not concern trade or commerce. Thus, the Bank argues that the sixth count should be stricken. CT Page 10792
A declarant is "any person or group of persons acting in concert who (A) as part of a common promotional plan, offers to dispose of his interest in a unit not previously disposed of or (B) reserves or succeeds to any special declarant right." General Statutes § 47-202(12); see also General Statutes § 47-202(29) (defining special declarant rights). Individual consumers, when deciding whether to purchase a unit or interest in the condominium or common interest association, are entitled to expect the declarant to faithfully exercise his statutorily imposed duties. Several of the declarant's statutorily imposed duties effects the economic success of a consumer's investment decision to purchase a unit or interest in the condominium. Thus, a declarant's failure to exercise its duties may rise to a violation of CUTPA because CUTPA is intended to provide a remedy for unfair or deceptive. conduct involving a trade or commerce. See New Section Glen Oaks Condominium, Inc. v. Glen OaksAssociates, Inc., 4 CSCR 378, 379 (1989) (Thompson, J.). (finding that a declarant's alleged self dealing conduct may violate CUTPA).
Reading the allegations of the complaint in the light most favorable to sustaining the sufficiency of the pleading, the court concludes that the sixth count sets forth allegations sufficient to state a cause of action under CUTPA. A declarant holds a unique office, a duty of which is to hold out for sale units not already disposed of within the condominium association. Thus, a declarant engages in a trade or commerce, a consumer transaction, that directly effects the plaintiff. Further, the plaintiff has alleged that the Bank engaged in conduct that was self-dealing breaching the fiduciary duty owed to the plaintiff. See Id. (same). Accordingly, the defendant's motion to strike the sixth count is denied because the plaintiff may offer facts under the allegations of the sixth count that prove that the Bank's conduct violated CUTPA.