[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE (#121)
On September 26, 1994, the plaintiff, General Financial Services, commenced this action to foreclose a mortgage executed by the defendants, Eugene and Patricia Chesanek, for alleged nonpayment. On October 31, 1994, the defendants filed an answer and ten special defenses. In addition, the defendants filed a five count counterclaim alleging breach of the covenant of good faith and fair dealing, tortious interference with contract, detrimental reliance, fraudulent inducement and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On July 3, 1995, the defendants filed an amended counterclaim which added a sixth count alleging violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.
On July 17, 1995, the plaintiff filed a motion to strike the second and sixth counts of the defendants' counterclaim on the ground that they are legally insufficient. In accordance with Practice Book § 155, the plaintiff filed a memorandum in support of its motion to strike, and the defendants timely filed a memorandum in opposition.
"`Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.'" Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleadings]. The court must construe the facts in the [pleadings] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) CT Page 326Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
The plaintiff argues that the second count of the defendants' counterclaim alleging tortious interference with contract should be stricken because there can be no such interference by someone who is a party to the contract. The defendants argue, however, that privity of contract does not preclude a party to the contract from pursuing a claim for tortious interference.
"This court has long recognized a cause of action for tortious interference with contract rights or other business relations."Blake v. Levy, 191 Conn. 257, 260, 464 A.2d 52 (1983). "However, it is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two other parties." Paint Products Co. v.Minwax Co., 448 F. Sup. 656, 658 (D.Conn. 1978), citing R and W HatShop, Inc. v. Sculley, 98 Conn. 1, 14, 118 A. 55 (1922); Heirs v.Cohen, 31 Conn. Sup. 305, 312, 329 A.2d 609 (1973). Thus, "[i]n Connecticut, a party to a contract cannot be held liable for tortious interference with that contract." Urashka v. GriffinHospital, 841 F. Sup. 468, 475 (D.Conn. 1994); see also Multi-ServiceContractors Inc. v. Vernon, 193 Conn. 446, 451,477 A.2d 653 (1984) (acknowledging in dicta that "there can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contract"); Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 60-61, 480 A.2d 610 (1984) (holding that "[a]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract"). In the present case, the defendants acknowledge that the plaintiff is the owner of the mortgage note in question. Defendants' Amended Counterclaim (#120) ¶ 11, at 3-4. Accordingly, the plaintiff's motion to strike the second count of the defendant's counterclaim is granted.
In addition, the plaintiff argues that the sixth count of the defendants' counterclaim alleging violation of the FDCPA should be stricken because it fails to allege sufficient facts demonstrating that the debt in question is within the scope of the act. CT Page 327 Specifically, the plaintiff argues that the defendants have not alleged that they were consumers or that proceeds of the mortgage loan were used for personal, family or household purposes. The defendants argue, however, that the plaintiff has failed to identify any provision of the FDCPA requiring that an action commenced thereunder expressly allege that the claimant is a consumer and that the debt was incurred for personal, family or household purposes.
Contrary to the defendants' belief, however, "[i]t is the burden of the party invoking the FDCPA to provide evidence that the purposes of the debt were personal rather than business related."Claar Bros., Inc. v. Baltayan, Superior Court, judicial district of New Haven, Docket No. 301024 3 Conn. L. Rptr. 601 (December 27, 1990) (Flanagan, J.), citing Mendez v. Apple Bank for Savings, 541 N.Y.S.2d 920,923-24, 143 Misc.2d 915 (1989). In the present case, the defendants have failed to provide any such evidence. Accordingly, the plaintiff's motion to strike the sixth count of the defendants' counterclaim is granted.
In conclusion, the plaintiff's motion to strike the second and sixth counts of the defendants' counterclaim is granted.
BY THE COURT:
STANLEY, J.