[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
I. Count One:
The Motion to Strike count one of the plaintiff's Revised Complaint alleging violation of the Federal Fair Debt Collection Act is granted because it fails to allege sufficient facts demonstrating that the debt in question is within the scope of the act. Plaintiff must allege that he was a consumer and that the debt was for personal, family or household purposes. GeneralFinancial Services v. Chesanek, Superior Court, judicial district of Middlesex at Middletown, Docket No. 073398 (January 2, 1996, Stanley, J., 15 Conn. L. Rptr. 521). Furthermore, "[i]t is the burden of the party invoking the Federal Fair Debt Collection Act to provide evidence that the purposes of the debt were personal rather than business related." Claar Bros., Inc. v. Baltayan,
Superior Court, judicial district of New Haven at New Haven, Docket No. 301024 (December 27, 1990, Flanagan, J.,3 Conn. L. Rptr. 601).
II. Count Two
The Motion to Strike count two of the plaintiffs Revised Complaint alleging violation of Connecticut Unfair Trade CT Page 9515 Practices Act is also granted because condominium associations are not engaged in a "trade" or "commerce" within the meaning of the Connecticut Unfair Trade Practices Act. See West FarmsCondominium Association No. 1. Inc. v. Satell, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 523203 (May 10, 1995, Berger, J., 14 Conn. L. Rptr. 214); Hunterv. Turner, Superior Court, judicial district of New London at New London, Docket No. 521151 (October 22, 1993, Austin, J.,10 Conn. L. Rptr. 273); Sargis v. Seventy Grove Hill Condominium,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 430590 (July 19, 1990, Aronson, J.,2 Conn. L. Rptr. 152).
Accordingly, the defendants' Motion to Strike is granted.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT