## JESSIE H. T. HARDING
### vs.
## LINCOLN W. HARDING, ET AL.

Superior Court      Middlesex County      File #7154

Present: Hon. ERNEST A. INGLIS, Judge.

Raymond J. Cannon,      Attorney for the Plaintiff.

Leonard O. Ryan,      Attorney for the Defendant.

## MEMORANDUM FILED APRIL 8, 1937.

INGLIS, J. The plaintiff and the defendant Lincoln W. Harding hereafter referred to as the defendant were married on November 11th, 1934.

In 1917 the defendant had opened an account in the Essex Savings Bank in the name of Lincoln W. Harding in trust for Myrtle W. Harding and Pearl M. Harding. In 1921, he had transferred the balance in that account to an account standing in his name alone. On August 14, 1931, he transferred the balance of that account, $10,000.01 to an account which he set up on that day in the name of L. W. Harding in trust for Viola Harding Jones, and on November 26, 1934, the balance in that account was $7,950.

On November 26, 1934, the defendant and his wife went to the bank and at the direction of the defendant a new account was opened in the name of L. W. Harding in trust for Jessie H. T. Harding and the sum of $3,975. was trans' ferred from the account of "L. W. Harding in trust for Viola Harding Jones" to the new account. At the request of the teller, both the plaintiff and the defendant signed signature cards and a pass book was made out and handed to the defendant.

On the way to the bank the defendant had told the plaintiff that he wanted to go there and fix it so he would be doing the right thing by her, and while arranging for the deposit he

told the teller "I want to do the right thing by my wife".

After the pass book had been handed to the defendant he and the plaintiff went to his safety deposit box in the bank and went over the papers which were in the box. While there, the defendant showed the plaintiff the pass book saying: "You can see what I have done for you, Jess" but did not give it to her. At that time the plaintiff took the number of the pass book and the book was then placed in the box. While there, the plaintiff mentioned that she also had two bank books. The defendant asked her whether she desired to put those books in his box and she replied that she would take care of her own books.

The parties then left the bank. At a later date the plaintiff helped herself to one of the keys to the safety-deposit box but never procured from the defendant any direction to the bank to admit her to the box. The plaintiff has never had the pass book for the account in question in her possession.

The defendant testified that it was his purpose in this transaction to provide a fund which would go to his wife if he happened to die before she did and it was his intention to keep control of the deposit.

In January, 1935, a dividend of $69.56 was declared on the account in question by the bank and of that sum the defendant drew $44.56 which so far as the evidence discloses he kept for himself. The balance of that dividend, to-wit, $25, was, pursuant to prior understanding left on deposit to make the fund an even $4,000.

On June 29, 1935, Mrs. Harding was taken to her parents' home but there was no definite separation between husband and wife until after a quarrel on the afternoon of July 15th. On that same day, the defendant had withdrawn from the account the July 1st dividend of $60. On the same day he transferred the balance of $4,000. to the account standing in the name of "L. W. Harding in trust for Viola Harding Jones" and on October 30, 1936, he transferred the balance in that account to an account in the name of Viola Harding Jones.

The gist of the plaintiff's claim is that the defendant made a gift to her of the account which he set up in the name of L. W. Harding in trust for Jessie H. T. Harding.

There are two requisites of a valid gift of personal property.

They are, first, a delivery of possession and, second an intent upon the part of the donor that the title shall at once pass to the donee.

**Main's Appeal, 73 Conn. 638.**

**Burton vs. Bridgeport Savings Bank, 52 Conn. 398.**

Delivery of possession of a bank deposit may be made by setting the deposit account up in the name of the donor in trust for the donee and informing the donee or someone in his behalf that that has been done.

**Minor vs. Rogers, 40 Conn. 512.**

In this case, therefore, the first requirement, that is, as to delivery of possession, has been met.

The question of intent has to do not with the legal title but with the equitable title. The question is as to whether the defendant at the time he set up the account intended to pass the equitable title to the deposit to the plaintiff at once.

**Minor vs. Rogers, supra.**

Most of the evidence tends to prove that the defendant had no such intention. His own testimony on the subject is not to be given as much weight as it would have been if he had not testified in the divorce case between the parties in effect that similar trust accounts did not belong to him. The testimony in the divorce action, however, did not apply to the account in question because that testimony was given on October 18th, 1935, and this account had been closed out before that date. On the other hand the defendant's testimony on the trial of this case that he did not intend to relinquish control of the account but simply intended to fix it so that, if anything happened to him, his wife would be taken care of is not at all inconsistent with his statement to her and to the teller that he wanted to do the right thing by her. His idea of doing "the right thing by her" was obviously to provide that on his death she should get a sum equal to that which he was providing by the same means for each of his three daughters.

It apparently has been quite the custom for the defendant to set up accounts in his name as trustee for others. In all of those instances he has continued to treat those accounts as his own and withdraw money from them for his own purposes without recognizing that any one else had any present

interest in them. From the account in question he, prior to any difficulties with his wife, withdrew some of the dividends.

On the evidence as a whole, therefore, it is found that the defendant's intention in setting up the account in the form in which he did was with the idea that it would operate as a disposal of his property after his death and was not to pass any title to the plaintiff at the time he did it.

Under the circumstances he, at most, succeeded in setting up a revocable or tentative trust so that he could at any time before his death withdraw the deposit and use it for his own purposes.

**Restatement of the Law, Trusts, Vol. 1, p. 182, Sec. 58.**

In any event he did not make a gift to the plaintiff because he did not intend that title to the deposit should pass to her.

Judgment may enter for the defendants to recover of the plaintiff their taxable costs.