## FANNIE DOUGLAS
vs.
## NATHANIEL S. QUICK, JR.

Superior Court     New Haven County     File #52055

Present:   Hon. ERNEST A. INGLIS, Judge.

Harry M. French,        Attorney for the Plaintiff.

Beers & Beers,        Attorneys for the Defendant.

**MEMORANDUM FILED MAY 18, 1937.**

INGLIS, J.  This motion should be granted only in the event that it appears clearly that the amount of damages to which the plaintiff is entitled as of the date of the institution of the action is below the jurisdiction of this Court.

**Atlantic Refining Co. vs. Schoen, 118 Conn. 26.**

The complaint alleges a contract by the terms of which the plaintiff assigned to the defendant a note and mortgage, the balance due on which was over $3,000. in consideration of which the defendant paid $665. in cash and agreed to deposit forthwith in a bank to the credit of the plaintiff the sum of $400. and then to collect the note and mortgage and pay the plaintiff a sum equal to one-half of the difference between $1,065. and the amount which he should collect.  It is further alleged that the defendant has never made the deposit of $400. and has advised the plaintiff that he will pay her nothing more under the contract.

We are not here concerned with the question as to whether there has been an anticipatory breach of the contract by the defendant.  The doctrine of anticipatory breach applies only to bilateral contracts and not to a contract such as the one in suit which by reason of the full performance thereof by the plaintiff has become unilateral.

**American Law Institute, Restatement of the Law of Contracts, Sec. 318.**

The question is rather as to whether on the allegations of the complaint there has been a material breach of the entire contract rather than a mere partial breach.

Where a unilateral contract is for the payment of money in instalments or for the performance of other acts not connected with one another by a condition having reference to more than one of them or otherwise, a breach as to any number less than the whole of such instalments or acts is merely partial.  Even though the acts are separated in time, however, they may be so connected in some other respect that a breach of one or more of them may involve the destruction or material injury of the main purpose of the contract.  And when

by reason of the failure to perform one or more of the terms of the contract there has been a material injury to the main purpose of the contract then the breach is total.

**American Law Institute, Restatement of the Law of Contracts, Secs. 316, 317, 275, 276.**

On the trial of this case it might well appear that it was the purpose of the parties in entering into this contract to provide some ready money for the plaintiff at the time she assigned her mortgage to the defendant. It might well appear that the reason she was willing to sacrifice one-half of the difference between $1,065. and the amount realized on the mortgage was so that she could get immediately the $665. in cash and the $400. deposited to her credit. If such were the case it might well be contended that the failure of the defendant to deposit the $400. as agreed was a material injury to the purposes of the entire contract and therefore constituted a total breach of the entire contract.

Under such circumstances the plaintiff had her option either to treat the contract as still in force and bring suit for the $400. past due or to treat the contract as broken and sue for damages for the breach. She apparently has elected the latter course. Whether or not the failure to pay the $400. so materially affected the purpose of the contract that it constituted a total breach may be a question. But it is a question which can be decided only on the trial in the light of all of the attendant circumstances. It certainly should not be decided as a matter of law on a motion such as this, that under no circumstances was that failure a total breach of the entire contract.

If as a matter of fact it should develop that the defendant has made a total breach of the entire contract it is obvious that the plaintiff may well prove damages in excess of $500, the low limit of the jurisdiction of this Court. It may be that she will have difficulty in proving just what those damages were as of the date of the institution of the action because except for the item of $400. plus interest they may be too speculative. She however, is entitled to claim, for instance, that in addition to that sum she is entitled at least to one-half the difference between $1,065. and either the face of her note or the value of the land foreclosed, which ever is less. If that claim is sustained the damages which she will recover might well be within the jurisdiction of the Superior Court.

For the foregoing reasons the motion to erase is denied.