[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff filed a revised one count complaint on August 16, 1990. The plaintiff, Connecticut National Gas Corporation, alleges that the defendants, Hart and Simonsen, entered into a Retail Installment Contract with Abate Plumbing and Heating. According to the terms of the contract, defendants purchased and accepted delivery of six gas boilers and six water heaters at 88-90 Atwood Street, Hartford, Connecticut. This contract was assigned to plaintiff for value. The plaintiff alleges that the defendants have refused to make payments. (A copy of the contract is attached to the complaint).
Defendants filed a motion to strike the plaintiff's complaint and a memorandum of law in support. Defendants' basis for the motion to strike is that the underlying contract on which the lawsuit is based is defective under the Home Solicitation Sales Act (HSSA), Conn. Gen. Stat. 42-134a et seq. and the Home Improvement Act (HIA), Conn. Gen. Stat.20-418 et seq.
Plaintiff filed an objection to defendants' motion to strike. Plaintiff alleges that the Retail Installment Contract is not subject to the HSSA. Plaintiff contends the transaction was not a home solicitation sale and does not involve consumer goods. In fact, the plaintiff does not base his cause of action on either the HIA or HSSA.
The purpose of a motion to strike is "to contest. . .the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted." Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180 (1988). A motion to strike which imparts facts from outside the pleadings is an improper "speaking motion to strike." Conn. State Oil v. Carbone, 36 Conn. Sup. 181, 182-83 (Super Ct. 1979); see also Vasileff Nurseries v. Otto, 5 CSCR 39, 40 (December 26, 1989, Landau, J.). The court cannot consider such extraneous material on a motion to strike. Id. CT Page 3033
The court in Bendetto v. New Bath, Inc., 5 CSCR 130, 131
(August 29, 1990, Ryan, J.) stated that Conn. Gen. Stat.20-429 is a defense. Conn. Gen. Stat. 20-429 does not create a cause of action. Gaudette v. Tolmie, 5 CSCR 312 (February 8, 1990, Meadow, J.), citing, Gbadebo v. Sales, 4 CSCR 381 (March 22, 1989, O'Connor, J.).
Section 164 of the Conn. Practice Bk. provides in part: "Facts which are consistent with [plaintiffs] statements [of fact] but show notwithstanding, that he has no cause of action, must be specially alleged." Sidney v. Devries, 18 Conn. App. 581,585 (1989). The court in Sidney states that when premising a defense on either the HSSA or HIA it must be specially alleged. Id. at 586.
The defendants motion to strike does not conform with the requirements of Conn. Practice Bk. 152. Contesting the legal sufficiency of the allegations of the complaint is proper for a motion to strike. Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1989). However, the defendants are raising factual allegations that go beyond the complaint. Defendants' motion to strike relies on HIA or HSSA, which must be plead as a special defense.
Accordingly, the motion to strike is denied.
HENNESSEY, J.