[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises as a result of a fall by the plaintiff on a city sidewalk in Stamford, and is brought pursuant to Connecticut General Statutes 13a-149. At issue is the sufficiency of the notice given by plaintiff to the defendant pursuant to the statute.
According to the complaint, on the evening of May 27, 1988, the plaintiff, Freda Johnson, fell while walking on a city sidewalk located near and leading to the entrance of the Bedford Street Municipal Parking Garage in Stamford. The fall is alleged to have been caused by a dangerous and defective condition of the sidewalk, and plaintiff alleges injuries to her left knee.
Plaintiff notified the City of Stamford of the occurrence by letter dated June 22, 1988, attached to which were a police report, a hospital report and her doctor's report. The letter states that she fell "while walking on the sidewalk leading to the Bedford Municipal Parking Garage" and "injured my left knee." It further states that plaintiff was treated at the hospital for a contusion. The police report states that plaintiff had been walking in the area of 130 Broad Street, and that the investigating officer "returned to location finding fall had taken place on the entrance way leading to the Bedford Street Municipal Parking Garage." It further states "[p]art of the sidewalk was raised approximately 3 inches above the rest of the sidewalk. Area was also dark do [sic] to the street light on SNETco pole not functioning." The hospital report and radiology report describe plaintiff's injuries as a contusion and small superior patella spur.
The defendant filed an answer and special defense. The special defense alleges that the required notice is legally insufficient in that it lacks specificity as to the location of the sidewalk and does not sufficiently describe the injury. The plaintiff replied to the special defense, denying the allegations thereof. The defendant now moves for summary judgment on its defense. The pleadings are closed.
Summary judgment is a means of resolving litigation when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book 384 (1990). The burden is on the moving party to show the absence of an issue of material fact, State v. Goggin, 208 Conn. 606, 616 (1988), and the nonmovant is to be "given the benefit of all favorable inferences that can be drawn" from the facts. Evans Products Co. v. Clinton Building Supply, 174 Conn. 512, 516 (1978). CT Page 5684 The test for whether to grant a motion for summary judgment is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647
(1982). Applying this test, summary judgment is proper if the trier of fact could not reasonably find for the non-moving party, viewing the evidence in the light most favorable to that party. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 480 (1969).
Connecticut General Statutes 13a-149, which authorizes actions against municipalities for injuries caused by defective highways, requires that notice of the injury "and a general description of the same, and of the cause thereof and of the time and place of its occurrence" be given to the municipality. Compliance with the statute is a condition precedent to bringing suit under it. Shapiro v. Hartford, 4 Conn. App. 315, 317
(1985). The statute contains a "savings clause" which provides:
 No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
In support of its motion for summary judgment, the defendant contends that the notice given by plaintiff is insufficient and a matter of law in that "it does not sufficiently identify the alleged defect so the municipality may locate it and be notified of the condition and repair it." (Defendant's Memorandum of Law at p. 4). Defendant argues that the Bedford Municipal Parking Garage may be accessed from either Broad Street or Forest Street, and that the Forest Street entrance has a long sidewalk from Forest Street. Therefore, plaintiff's notice that she fell while walking on the sidewalk to the garage is "wholly insufficient as a matter of law." (Id. at p. 5). Defendant further states "there is also confusion as to whether the accident took place on Broad Street or Forest Street . . . ."
The plaintiff argues in response that her notice is sufficient in that it states that she fell because the sidewalk was raised three inches and the overhead street lamp was not working; that the defect would be obvious to anyone going out to look at the location where the street lamp was not working; and that the police report, included with the notice, states that the plaintiff was walking in the area of 130 Broad Street. (Plaintiff's Memorandum of CT Page 5685 Law at p. 4). Plaintiff contends that the notice, together with the police report, sufficiently describes the area of the fall and the alleged defect. Plaintiff has also submitted a copy of the statement she gave to defendant's insurance investigator in which she states that the police officer met her at the hospital, took a statement from her, went to the scene of her fall, and then returned to the hospital where he told her that he saw that the sidewalk was uneven. Plaintiff submits that the defendant had sufficient information to investigate the claim, and, in fact, repairs the alleged defect shortly after the incident.
The plaintiff also argues in opposition to the motion that the description of the injury was sufficient, reading the notice together with the hospital report attached to it. Plaintiff contends that such description was adequate to enable the defendant to protect its interests.
 The purpose of the statutory notice is to give the [municipality] sufficient information to permit [it] to make proper inquiry and investigation in order to protect its interest, and to give [it] a reasonable guide to such inquiry and investigation as is helpful for [its] protection. Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947); Shine v. Powers, 37 Conn. Sup. 710, 711-12, 435 A.2d 375 (1981). "`[S]ufficiency [of notice] is to be tested with reference to that purpose, and in applying the test and circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice.' Delaney v. Waterbury Milldale Tramway Co., 91 Conn. 177, 181, 99 A. 503 (1916). . . .
Merola v. Burns, 21 Conn. App. 633, 638 (1990). Generally, whether the statutory notice is adequate is a question of fact for the trier of fact. Zotta v. Burns, 8 Conn. App. 169, 173 (1986). When the notice patently fails to meet the statutory requirements, it may be found invalid as a matter of law. Green v. City of East Hartford, 5 CSCR 42 (December 20, 1989, Purtill, J.). In addition, whether a notice was intended to be misleading are questions of fact. Shapiro v. Hartford, 4 Conn. App. 315,317 (1985). In her affidavit plaintiff asserts that at the time she did not know that the municipal garage had two entrances and that she did not intend to mislead the defendant.
It is found that on the facts of this case, there are questions of fact regarding adequacy of the notice and the applicability of the savings clause of Connecticut General Statutes a-149. Given that the police report and hospital report were attached to the notice sent CT Page 5686 by plaintiff to the defendant, and that the investigating police officer was able to locate the alleged defect based on plaintiff's description, it is found that it cannot be said that the notice was defective as a matter of law. Therefore, defendant's motion for summary judgment is denied.
JOHN J.P. RYAN, J.