JOHN H. RISEMAN *vs.* ORION RESEARCH INCORPORATED.

Middlesex. January 11, 1985. — March 20, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH & O'CONNOR, JJ.

*Consumer Protection Act*, Availability of remedy. *Corporation*, Stock-holder.

The Consumer Protection Act, G. L. c. 93A, was inapplicable to the claim of a corporate stockholder who alleged that the corporation had wrongfully interfered with his business relationships by calling a stockholders' meeting in an unlawful manner and by distributing misleading solicitations of stockholders' proxies. [312-314]

A corporation could not be liable at common law for tortious interference with business relationships either between itself and one of its stockholders or between that stockholder and other stockholders. [314]

CIVIL ACTION commenced in the Superior Court Department on May 19, 1983.

The case was heard by *Mel L. Greenberg*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert J. Schiller, Jr.*, for the plaintiff.

*John R. Stopa* for the defendant.

WILKINS, J. The plaintiff (Riseman) claims that the defendant Orion Research Incorporated (Orion) violated G. L. c. 93A and wrongfully interfered with his business relationships by calling a stockholders' meeting in an unlawful manner and by distributing misleading solicitations of stockholders' proxies. A judge of the Superior Court granted Orion's motion for summary judgment, and Riseman has appealed. We transferred the appeal here on our own motion and now affirm the judgment.

One issue presented in this appeal is whether G. L. c. 93A applies to Orion's alleged wrongdoing. We conclude that it does not. We, therefore, need not reach the question whether, if G. L. c. 93A by its terms did apply to a corporation-stock-

holder dispute of the character alleged here, Federal securities regulatory laws would preempt the purported application of G. L. c. 93A.

We recite those facts that bear on the question whether G. L. c. 93A applies to claims of wrongdoing in the calling of, and in the solicitation of proxies for, stockholders' meetings. In doing so, we also present the circumstances that bear on Riseman's claim against Orion for unlawful interference with his business relationships.

Orion, a publicly held Massachusetts corporation with its principal place of business in Cambridge, has a single class of voting stock of which, at times relevant to this case, Riseman, Orion's largest stockholder, held approximately 13%. Orion stock was registered with the Securities and Exchange Commission. In December, 1981, Orion's board of directors removed Riseman as president and chairman of its board of directors, but he remained on the board until the annual meeting in September, 1982. Seeking to retain membership on the board, in June, 1982, Riseman sought the call of a special meeting of the stockholders to amend Orion's bylaws to provide for cumulative voting in the election of directors. A special meeting was called for September 1, 1982, Orion and Riseman solicited proxies for that meeting, but a quorum was not present and that meeting was adjourned. At the annual meeting of stockholders held on September 13, 1982, the number of directors was reduced by one to eight, Riseman was not elected to the board, and all the other incumbent directors were reelected. Riseman claims that Orion improperly delayed calling the special meeting of stockholders and that Orion made misleading statements, omitted material facts, and committed other errors in its solicitation of proxies for both the special and the annual meetings. Riseman seeks damages "in connection with his attempt to maintain representation on Orion's Board of Directors, and to protect his investment in Orion."

1. Under G. L. c. 93A, § 11, as amended through St. 1979, c. 72, § 2, "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment

by another person who engages in any trade or commerce of
. . . an unfair or deceptive act or practice declared unlawful
by" G. L. c. 93A, § 2, may bring an action for damages. We
conclude that neither Riseman nor Orion was engaged in "trade
or commerce" with respect to the issues in dispute between
them in this case. The definition of "trade" and "commerce"
in G. L. c. 93A, § 1 (b), set out in the margin,[1] is open-ended
to a considerable degree because, although it states certain
activities that are included, it does not exclude other activities.
*Lantner* v. *Carson*, 374 Mass. 606, 610 & n.4 (1978). Cer-
tainly, none of the included items (such as the sale, rent, or
distribution of services or property) is involved in this case.
Nor is the conduct of a corporation in calling stockholders'
meetings or in soliciting proxies for such meetings close in
character to the sale, rent, or distribution of services or prop-
erty. Riseman's grievance does not concern the sale of his
stock. He asserts wrongs in the governance of the corporation.

In *Manning* v. *Zuckerman*, 388 Mass. 8, 14 (1983), we held
that contract disputes between an employee and an employer
(generally engaged in commerce) were principally " 'private
in nature' " and did not occur in the ordinary " 'conduct of any
trade or commerce' " as contemplated by G. L. c. 93A. The
Appeals Court earlier had reached a similar conclusion, after
reviewing this court's opinions concerning the scope of § 11,
holding that a private transaction between members of the same
partnership, not adversely affecting the interests of others, was
not actionable under § 11. *Newton* v. *Moffie*, 13 Mass. App.
Ct. 462, 467-469 (1982).

We similarly conclude that G. L. c. 93A, a statute enacted
to provide protection to consumers and to provide protection
against unfair methods of competition or unfair or deceptive
acts or practices in trade or commerce, does not reach alleged

---

[1] General Laws c. 93A, § 1 (b), as appearing in St. 1972, c. 123, defines
"trade" and "commerce" as follows: " 'Trade' and 'commerce' shall include
the advertising, the offering for sale, rent or lease, the sale, rent, lease or
distribution of any services and any property, tangible or intangible, real,
personal or mixed, and any other article, commodity, or thing of value
wherever situate, and shall include any trade or commerce directly or indi-
rectly affecting the people of this commonwealth."

wrongs asserted by a stockholder against a corporation in the internal governance of the corporation. Such a stockholder is not without an alternative method of obtaining relief. See, e.g., G. L. c. 156B, § 34, concerning the right of a stockholder holding at least 10% of the voting stock to obtain from a court the right to call a meeting of stockholders; 15 U.S.C. §§ 78aa, 78n (1982), and 17 C.F.R. 240.14a-9 (1984), concerning false and misleading proxy solicitation, and *J. I. Case Co.* v. *Borak,* 377 U.S. 426, 430-431 (1964), holding that a stockholder has the right to maintain a private action seeking relief from a violation of S.E.C. regulation 240.14(a)-9.

What we said in our *Zuckerman* opinion, *supra* at 12, after referring to other remedies available to employees, is relevant here: "In light of these comprehensive protections for employees and after ten years of existence of § 11, it would be somewhat surprising if we should now conclude that the Legislature intended that allegedly unlawful acts under G. L. c. 93A, § 2 (*a*), and § 11, also include matters arising from an employment relationship." In this case, the same should be said about stockholder grievances arising in the course of the governance of a corporation. Riseman does not have a claim under G. L. c. 93A with respect to the alleged unlawful conduct of Orion in the calling of special stockholders' meeting or in the solicitation of proxies for stockholders' meetings.

2. There is no basis for Riseman's claim that Orion intentionally interfered with an advantageous business relationship. This tort has no connection with the wrongs allegedly committed by Orion against Riseman. A claim of interference with an advantageous business relationship involves one who, without privilege to do so, intentionally induces or causes a third person not to enter into or continue a business relationship with another. See *Comey* v. *Hill,* 387 Mass. 11, 19 (1982); *Owen* v. *Williams,* 322 Mass. 356, 360 (1948). Orion could not be liable for tortious interference with its own relationship with Riseman. *Gram* v. *Liberty Mut. Ins. Co.,* 384 Mass. 659, 663 n.3 (1981). Riseman's "relationship" with other stockholders is not the kind of business relationship to which the tort applies. See *Vigoda* v. *Barton,* 338 Mass. 302, 304 (1959).

*Judgment affirmed.*