[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this action the plaintiffs allege that they collectively owned 50 percent of the common stock of the Gilman Corporation prior to September 22, 1988. They allege CT Page 1119 that the defendant Richard Gilman, as director and president of the corporation, also owned 50 percent of the common stock prior to that date. The complaint alleges that on or about September 22, 1988, the defendant purchased 10,000 shares of Gilman Corporation common stock upon approval of the corporate board of directors and alleges that said purchase was at a price substantially below fair market value, constituting a breach of the defendant's fiduciary duties to the plaintiffs and claiming that the defendant's breach of fiduciary duty constitutes a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes section 42-110a, et seq. (hereinafter referred to as CUTPA).
The defendant has moved to strike the CUTPA count and the prayer for relief seeking relief under CUTPA on the grounds that the intra-corporate actions that form the basis of the plaintiffs' complaint do not constitute "trade and commerce" as that term is defined under CUTPA and because the CUTPA count fails to allege that the plaintiffs were customers or competitors of the defendant and that, for either or both reasons, the second count fails to state a claim upon which relief may be granted.
Whenever any party wishes to contest the legal sufficiency of a complaint, that party may do so by filing a motion to strike the contested pleading or part thereof. Connecticut Practice Book section 152 (rev'd to 1989). In ruling on a motion to strike, the court is limited to the facts alleged in the addressed pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Fraser v. Henninger, 173 Conn. 52, 60 (1977). In ruling on a motion to strike, the court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34, 44
(1987).
In considering a motion to strike, the court construes the allegations in a manner most favorable to the pleader. Id. at 36. All well pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). If the facts provable under its allegations support a defense or a cause of action, the motion to strike must fail. Id. at 109.
General Statutes section 42-110g(a) allows,
 Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice CT Page 1120 prohibited by section 42-110b, . . .
to bring an action to recover actual damages. General Statutes section 42-110b(a) provides:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. (Emphasis supplied). The Act defines "trade and commerce" as: . . . the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state.
General Statutes section 42-110a(4).
I. THE DEFENDANT'S CLAIM THAT THE INTRA-CORPORATE ACTIONS WHICH FORM THE BASIS OF THE PLAINTIFFS' COMPLAINT DO NOT CONSTITUTE "TRADE OR COMMERCE" AS THAT TERM IS DEFINED UNDER CUTPA.
In support of that argument, the defendant cites Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172 (1986). The defendant makes the following argument regarding the Russell case:
 In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 179 (1986), the Connecticut Supreme Court, in holding CUTPA inapplicable to alleged securities fraud violations, noted that the Connecticut commissioner of consumer protection, who bears administrative responsibility for the enforcement of CUTPA, had promulgated no regulations pertaining to the deceptive sale of securities. Id., 182. Similarly, the defendant has located no consumer protection department regulations pertaining to the internal governance of a close corporation. Regs. Conn. State Agencies Sections 42-110b-1 through 42-110b-28.
Plaintiff, on the other hand, seeks to distinguish Russell by making the following argument: CT Page 1121
 . . . In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172 (1986) the Connecticut Supreme Court did not disagree. "We recognize the sweeping nature of the reference in section 42-110b(a) to `deceptive acts or practices in the conduct of any trade or commerce' (emphasis added) and the breadth of the definition of `trade and commerce' in section 42-110a(4)." Russell, 200 Conn. at 178. Unlike the plaintiff in Russell, supra, the plaintiffs in this action are not protected by the provisions of the Connecticut Uniform Securities Act. Connecticut General Statutes section 36-498 provides for remedies to purchase of securities. In this case the plaintiffs are neither purchasers nor sellers of securities. The focus is upon the defendant's actions in causing the corporation to issue securities to him at less than fair market value. The CUTPA violation is the breach of the fiduciary obligation, the duty of loyalty owed by defendant to plaintiffs, not the purchase of securities.
The Court is not persuaded by the plaintiff's argument.
In Russell, the court stated in part as follows:
 The crucial question is not whether CUSA transactions are exempt from CUTPA but whether CUTPA itself can fairly be interpreted to encompass such transactions in the first instance. We recognize the sweeping nature of the reference in section 42-110b(a) to "deceptive acts or practices in the conduct of any trade or commerce" (emphasis added) and the breadth of the definition of "trade" and "commerce" in section 42-110a(4). This statutory language must, however, be reconciled with the equally unconditional statutory language that, in construing section 42-110b(a), "the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to CT Page 1122 Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), as from time to time amended." General Statutes section 42-110b(b). This court has repeatedly held, in accordance with this statutory instruction, that Federal Trade Commission (FTC) rulings and cases under the Federal Trade Commission Act (FTC Act) serve as a lodestar for interpretation of the openended language of CUTPA. McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 567-68, 473 A.2d 1185 (1984); Conaway v. Prestia, 191 Conn. 484, 492-93, 464 A.2d 847 (1983); Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 533-34, 461 A.2d 1369 (1983); Heslin v. Connecticut Law Clinic of Trantolo 
Trantolo, 190 Conn. 510, 517-18, 461 A.2d 938 (1983); Hinchliffe v. American Motors Corporation, supra. In Heslin v. Connecticut Law Clinic of Trantolo 
Trantolo, supra, 518-19, in determining the applicability of CUTPA to the provision of legal services, we undertook a searching inquiry of the federal cases and of the statements of the FTC before concluding that CUTPA applied to attorneys. In Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., supra, 534-36, 539-40, we looked to the standards developed by the FTC for our determination of what constitutes a cognizable unfair or deceptive practice under CUTPA. Application of the FTC lodestar to this case leads us to conclude that CUTPA does not apply to deceptive practices in the purchase and sale of securities. The FTC has never undertaken to adjudicate deceptive conduct in the sale and purchase of securities, presumably because such transactions fall under the comprehensive regulatory umbrella of the Securities and Exchange Commission. See Securities Act of 1933, 15 U.S.C. § 77a et seq.; Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. Despite the breadth of the language of section 5(a)(1) of the FTC Act, which, read literally, would include security transactions, the plaintiff has CT Page 1123 cited no case in which the FTC or a federal court has applied the FTC Act to a securities transaction and we have found none. Indeed, in an agency statement listing the types of transactions and conduct to which the FTC Act applies, the FTC makes no mention of securities. 3 Trade Reg. Rptr. (CCH) par. 9551, pp. 17,021-22. Consequently, in this case, taking our guidance from the FTC, we must construe CUTPA as not purporting to cover transactions for the purchase and sale of securities.
 This conclusion finds support in the totality of the legislative and administrative patterns regulating deceptive practices in this state. In contradistinction to the statutes governing unfair insurance practices; see Mead v. Burns, supra, 656-57; CUSA unequivocally provides a private cause of action for injuries caused by deceptive purchases and sales of securities. General Statutes section 36-498. Although this uniform statute was not enacted in Connecticut until 1977, four years after the passage of CUTPA in 1973, its predecessors in Connecticut law had established the existence of a private cause of action in Connecticut; General Statutes (Sup. 1969) sections 36-338 and 36-346; well before the enactment of CUTPA. Consistently, the commissioner of consumer protection, who bears administrative responsibility for the enforcement of CUTPA, has never sought to enforce CUTPA in the context of a security transaction. The commissioner has promulgated no regulation pertaining to the deceptive sale of securities; Regs., Conn. State Agencies sections 42-110b-1
through 42-110b-28; and, to the best of our knowledge, has obtained not one order or injunction relating thereto. This history demonstrates that, following the lead of the FTC, Connecticut has long separated regulation of the purchase and sale of securities from the regulation of unfair trade practices in other CT Page 1124 industries.
Russell directs a three part inquiry in resolving the threshold question of whether CUTPA applies to wrongs asserted by a shareholder: (1) Review of Federal Trade Commission rulings; (2) review of cases under the Federal Trade Commission Act; and (3) review of decisions from other states.
Neither the plaintiff nor the defendant has cited any Federal Trade Commission rulings or any cases decided under the Federal Trade Commission Act.
A review of decisions from other states indicates that the clear weight of authority is that CUTPA does not apply to the type of allegations contained in this complaint. In Riseman v. Orion Research, Inc., 394 Mass. 311,475 N.E.2d 398 (1985), the court stated in part as follows at page 400:
 We similarly conclude that G.L.c. 93A, a statute enacted to provide protection to consumers and to provide protection against unfair methods of competition or unfair or deceptive acts or practices in trade or commerce, does not reach alleged wrongs asserted by a stockholder against a corporation in the internal governance of the corporation.
Similarly, in Zimmerman v. Bogoff, 402 Mass. 650,524 N.E.2d 849 (1988), the court held that a dispute between two 50 percent owner's of a close corporation, arising out of one owner's fiduciary breach in failing to pay fees owing to the second owner's business shop business and in preferring his own business in payment of corporation's debts was a purely private dispute which did not fall within the consumer protection legislation. In Nichols v. Merrill Lynch, Pierce, Fenner Smith, 706 F. Sup. 1309 (M.D.Tenn. 1989), investors in a condominium resort development brought an action alleging a violation under the Tennessee Consumer Protection Act incident to the sale of securities. The Nichols court, after reviewing decisions from other states, held that were the Tennessee Supreme Court to confront the issue that it would more likely follow the great weight of authority in finding that the Tennessee Consumer Protection Statute would not be held to apply to securities. In Mercer v. Jaffe, Snider, Raitt Heuer, P.C., 730 F. Sup. 74 (W.D.Mich. 1990), the court held that the Michigan Consumer Protection Act did not apply to the sale of securities. In Moore v. A. G. Edwards Sons, Inc., 631 F. Sup. 138 (E.D.Louisiana 1986), the court held CT Page 1125 that the Louisiana Unfair Trade Practices and Consumer Protection Act did not apply to securities transactions. In Spinner Corporation v. Princeville Development Corporation,849 F.2d 388 (1988), the court was faced with the issue of whether a hostile tender offer proceeding could form the basis of a violation under the Hawaii Consumer Protection Act. The Spinner court exhaustively reviewed decisions from other state courts including the Russell decision in
Connecticut in concluding that the Hawaii statute did not apply to security transactions.
Finally, while the Court is aware of the factual differences between this case and the Russell case, the Court also notes the manner in which the issue was framed in Russell, namely:
 The defendants initially claim that the trial court erred in holding them liable to the plaintiff under CUTPA because CUTPA does not apply to the purchase and sale of securities. We agree.
The Russell issue was not framed in terms of the applicability to CUTPA to CUSA (Connecticut Uniform Securities Act). Rather, it was framed as to whether CUTPA applies to the purchase and sale of securities. The claims that arise out of the present suit arise out of the sale of stock to the defendant.
Based on the decision in Russell, as well as the decision of courts in other jurisdictions as cited herein, this Court concludes that the intra-corporate actions that form the basis of the plaintiffs' complaint under CUTPA does not state a cause of action.
Accordingly, the motion to strike the second count of the complaint is granted.
AXELROD, J.