Lenk, J.
Plaintiff, David B. Foynes, brought this action against a former fellow stockholder, Richard P. Lemay, the corporation of which Foynes was a stockholder, Lemay/Foynes & Associates, Inc. (“Lemay/Foynes”), and another of Lemay’s companies, Lemay Associates, Inc., for breach of fiduciary duties, interference with contractual relations, breach of contract, intentional infliction of emotional distress, and violation of Mass. G.L.c. 93A.
On January 20, 1994, this case came before the court upon defendants’ motion for partial summary judgment on plaintiffs 93A claim. In support of their motion, defendants argue that plaintiff is not entitled to recover under G.L.c. 93A, §11 because claims between two fifty-percent owners of a close corporation fall outside the scope of the Consumer Protection Act.
Plaintiff responds that because his suit arose out of an arm’s length transaction, rather than out of a private transaction among partners, he may avail himself of the benefits of G.L.c. 93A.
For reasons stated below, this court allows defendants’ motion in part, and denies the motion in part.
BACKGROUND
The record in this case reveals the following undisputed facts: Defendant Lemay is president and fifty-one percent owner of the capital stock of defendant corporation Lemay/Foynes. The corporation has been engaged in the business of sales representation since 1982. Foynes was an employee of Lemay/Foynes, and owner of forty-nine percent of the shares in the company.
In 1992, Lemay/Foynes maintained a sales representation contract with Columbia Sportswear, Inc. On October 19, 1992, Columbia notified plaintiff that his services had been terminated. On November 6, 1992, Columbia terminated its sales representation contract with Lemay/Foynes. On or before that date, Columbia entered into a contract for New England and upstate New York with Lemay Associates, a sales representation corporation in which Lemay was the sole shareholder. Plaintiff had no equitable interest in Lemay Associates. Plaintiff maintains that Lemay and Lemay Associates converted the account from Lemay/Foynes.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden. of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Summary judgment is appropriate “to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Community Nat’l Bank, 369 Mass. at 553. Parties may move for summary judgment on all claims, or any part thereof. Mass.R.Civ.P. 56(b).
Massachusetts G.L.c. 93A, §11 provides a remedy for “[a]ny person who engages in conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice . . .’’ Mass. G.L.c. 93A, §11. As a general rule, “the unfair or deceptive acts or practices prohibited [under G.L.c. 93A] are those that may arise in dealings between discrete, independent business entities, and not those that may occur within a single company.” Puritan Medical Center, Inc. v. Cashman, 413 Mass. 167, 179 (1992). Thus, suits between shareholders arising out of their conduct towards one another are outside the purview of c. 93A because those claims are principally private in nature. Franklin v. Barmark Realty Trust, 1987 Mass.App.Div. 150, 151, citing Newton v. Moffie, 13 Mass.App.Ct. 462, 467 (1982). Courts reason that private transactions are not actionable under c. 93, §11 because they do not affect, directly or indirectly, the interests of the public, other businessmen, or competitors. Newton, 13 Mass.App.Ct. at 467; Franklin, 1987 Mass. App. Div. at 151. Section 11 will apply, then, “to dealings between legally separate persons engaged in arm’s length transactions and not to dealings between members of a single legal entity like a partnership.” Newton, 13 Mass.App.Ct. at 467.
Plaintiff asserts that Lemay was acting in his own interest and that the transactions which allegedly amounted to a breach of his fiduciary duties occurred at arm’s length. In the alternative, plaintiff contends *125 that because Lemay Associates competed for the same business as Lemay/Foynes, and ultimately succeeded in obtaining a sales representation contract with Columbia, defendants’ conduct implicated the interest of a competitor, rendering c. 93A applicable.
In terms of his dispute with Lemay, plaintiff attempts unsuccessfully to distinguish cases in which c. 93A did not apply to claims arising from an internal dispute within a corporation. See Zimmerman v. Bogoff, 402 Mass. 650, 663 (1988). The uncontro-verted facts in this case reveal that Lemay and Foynes are members and shareholders of Lemay/Foynes and are principally engaged in a private dispute. Consequently, plaintiffs claims against Lemay did not arise in the course of arm’s length trade or commerce. See id. at 662. Furthermore, plaintiff has presented insufficient evidence that Lemay’s conduct “had any palpable detrimental effect on the public interest.” See Newton, 13 Mass.App.Ct. at 468.
Plaintiffs Amended Complaint and thirty-day demand letter reveal that any unfair practices in which Lemay/Foynes allegedly engaged vis-a-vis Foynes arose out of the company’s method of operating its business. Foynes’s claim against Lemay/Foynes therefore falls outside the scope of c. 93A as an action by a stockholder against a corporation regarding the internal governance of the corporation. See Riseman v. Orion Research Inc., 394 Mass. 311, 313-14 (1985). For these reasons, and because plaintiff may seek relief in the form of a suit for breach of fiduciary duties, see Zimmerman, 402 Mass. at 663, defendants are entitled to judgment as a matter of law on Count V of plaintiffs complaint, to the extent that it asserts claims against Lemay and Lemay/Foynes.
Foynes’s claim against Lemay Associates, Inc., however, presents an interesting twist on the issue. Given that Foynes is not a partner, shareholder or owner of any equitable interest in Lemay Associates, the dispute between Foynes and Lemay Associates is not inherently private in nature, and c. 93A, §11 potentially applies. See Zimmerman, 402 Mass. at 622-23. The question arises, however, whether Foynes may maintain a suit against Lemay Associates as a legally distinct person engaged in arm’s length transactions, despite the strong apparent identity between Lemay and Lemay Associates. See Newton, 13 Mass.App.Ct. at 467.
Under c. 93A, §l(a), “ ‘person’ shall include . . . natural persons, corporations . . . and any other legal entity.” The court in Newton noted that “this definition makes clear that a partnership may itself be a party to an action under G.L.c. 93A.” Id. at 467 n. 6.
It is well settled in Massachusetts that “common ownership and control of two corporations, standing alone, is insufficient to merge them into one . . .” Westcott Construction Corp. v. Cumberland Construction Co., Inc., 3 Mass.App.Ct. 294, 297 (1975). “Corporations, like individual stockholders, are distinct entities and neither can be treated as the ‘alter ego’ or agent of the other when openly contracting for itself and in its own corporate name.” Marsch v. Southern New Eng. R. R. Corp., 230 Mass. 483, 498 (1918). Courts in Massachusetts have disregarded the corporate form only in “rare particular situations in order to prevent gross inequity.” My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 620 (1968).
In the case at bar, there is insufficient basis at this stage to justify taking the drastic step of merging the identities of Lemay and Lemay Associates. See Westcott, 3 Mass.App.Ct. at 297. Thus, absent evidence which would persuade this court to ignore the corporate form, this court must treat Lemay Associates as a distinct and separate legal entity under c. 93A, §11, and permit Foynes’s claim for unfair and deceptive trade practices to proceed against Lemay Associates.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for partial summary judgment on Count V of plaintiffs complaint is ALLOWED as to Lemay and Lemay/Foynes & Associates, Inc. and DENIED as to Lemay Associates, Inc.