Locke, Jeffrey A., J.
Plaintiff, Joseph Mastromatteo (“Mastromatteo” or “Joseph”), brought this civil action against defendants, Anthony Mastromatteo (“Anthony”), Jennifer Mastromatteo (“Jennifer”), and Mastromatteo Construction, LLC (“Mastromatteo Construction”), seeking damages for (1) unfair and deceptive business practices pursuant to G.L.c. 93A, §11; (2) conversion; (3) breach of contract; and (4) breach of fiduciary duty. Defendants now move to dismiss pursuant to Mass.R.Civ.P. Rule 12(b)(6). For the reasons stated herein, the Defendants’ Motion to Dismiss is ALLOWED in part and DENIED in part.

BACKGROUND

The facts, Joseph Mastromatteo alleges and taken as true for the purposes of this motion, are as follows.
Plaintiff Joseph Mastromatteo is a resident of Worcester. Joseph and his brother, Anthony Mastromatteo jointly owned a construction business, Mastromatteo Builders, LLC (“Mastromatteo Builders”). During the course of the business, Mastromatteo Builders entered into several lucrative construction contracts and accumulated substantial assets including equipment and machinery. Joseph also guaranteed several promissory notes on motor vehicles, which are now in the possession of Anthony.
While the Mastromatteo brothers were operating Mastromatteo Builders, Anthony and his wife, Jennifer Mastromatteo, formed a similarly named corporation, Mastromatteo Construction, LLC. On August 4, 2004, the couple filed organization papers for Mastromatteo Construction with the Commonwealth.
In the beginning of 2003, Anthony and Jennifer began construction on an addition to their home. To fund the addition, Anthony and Jennifer appropriated over $80,000 in Mastromatteo Builders’ company assets including the use of company employees and construction materials. Sometime after, Anthony and Jennifer also transferred $600,000 in proceeds from a construction job (“D’oreo job”), from Mastromatteo Builders to Mastromatteo Construction and themselves for their personal benefit. Joseph Mastromatteo believes that payments Mastromatteo Builders received from other construction jobs were similarly diverted or appropriated by the defendants. To date, Joseph does not know the full amount and extent of monies appropriated by the defendants.
Joseph Mastromatteo filed this action on June 14, 2006. Defendants now move to dismiss the complaint. The defendants’ motion to dismiss asserts that the essence of the plaintiffs complaint is a derivative action and must be dismissed for failure to comply with the provisions of Mass.R.Civ.P. 23.1.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in favor of the plaintiff. Blank v. Chelmsford Ob/Gyn, RC., 420 Mass. 404, 407 (1995). A court may properly dismiss a complaint when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). The plaintiffs burden is “relatively light” and errors of law based on the alleged facts will not warrant a dismissal. Warner-Lamber Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). As such, the court should construe the complaint so as to do substantial justice. Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).

I. Derivative Action

The defendants argue that dismissal of all claims against them is warranted because Mastromatteo proceeded directly against the defendants rather than derivatively on behalf of Mastromatteo Builders pursuant to Mass.R.Civ.P. 23.1. Specifically, the defendants assert that allegations in the complaint concern only damages to Mastromatteo Builders, and not to Joseph Mastromatteo, as an individual. As such, defendants argue that any allegations stating only a wrong done to the corporation must be brought as a derivative action under Massachusetts law. In response, Mastromatteo contends that dismissal is inappropriate because Rule 23.1 is inapplicable to small closely held corporations like Mastromatteo Builders. This court disagrees.
As an initial matter, Rule 23.1’s reach extends beyond traditional large corporations. Rule 23.1 has been applied to policy holders in a mutual insurance company, Harhen v. Brown, 431 Mass. 838 (2000), a general partner, on behalf of the partnership, against limited partners, Partnership Equities, Inc. v. Marten, 15 Mass.App.Ct. 42, 50-51 (1982), and limited part *706 ners for the benefit of a partnership, Smyth v. Marshall Field, Fifth, 40 Mass.App.Ct. 625, 629 (1996). Mostly recently, the trial court applied Rule 23.1 to a limited liability company formed under G.L.c. 156C. First Taunton v. Arlington Land, Civil No. 03449 (Ma.Super.Ct. Feb. 27, 2006) (van Gestel, J.) (20 Mass. L. Rptr. 556).
This court finds that Rule 23.1 is applicable, and thus Mastromatteo’s claims asserted on behalf of the LLC, may only proceed as a derivative action. The procedural requirements under Rule 23.1 provides, in pertinent part:
In a derivative action brought by one or more shareholders or members to enforce a right of a corporation ... to enforce a right which properly may be asserted by it, the complaint shall be verified by oath . . . The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority, and the reasons for his failure to obtain the action or for not making the effort.
Mass.R.Civ.P. 23.1.
Here, Mastromatteo did not comply with the pleading requirements. He failed to name Mastromatteo Builders as a party. Furthermore, the complaint does not allege that Mastromatteo made any efforts to obtain relief from the members of Mastromatteo Builders nor did he provide any reason for his failure to make a demand on the members of Mastromatteo Builders. Given these procedural infirmities, Mastromatteo’s claims for declaratory judgment, conversion, and breach of contract must be dismissed in their current form.[2]

II. Breach of Fiduciary Duty

One of the claims of the complaint alleges that defendant, Anthony breached a fiduciary duiy owed to his brother, Joseph. “(S]tockholders ... in [a] close corporation owe one another substantially the same fiduciary duty in the operation of the enterprise . . . that partners owe to one another . . . [That is the duly of] utmost faith and loyalty.” Donahue v. Rodd Electrotype Co., 367 Mass. 578, 586 (1975), quoting Cardullo v. Landau, 329 Mass. 5, 9 (1952). Such a claim lies with the stockholder and may be pursued in their individual capacity rather than as a derivative action. See e.g. Brodie v. Jordan, 66 Mass.App.Ct. 371, 379 (2006). Moreover, because an action against a controlling shareholder claiming a breach of fiduciary duty is equitable, Meorla v. Exergen Corp., 423 Mass. 461, 464 (1996), a claim for an accounting may be maintained. Consequently, dismissal as to the plaintiff s claims for breach of fiduciary duty and for accounting is inappropriate.

III. Violation of 93A

Additionally, defendants argue that the 93A claims against them must fail because G.L.c. 93A, §11 does not apply to internal business disputes. Under §11, “[a]ny person who engages in the conduct of any trade or commerce who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of... an unfair or deceptive act or practice declared unlawful ...” may bring an action for damages. The unfair or deceptive acts or practices prohibited under § 11 are those that may arise in dealings between discrete, independent business entities, and not those that may occur within a single company. Manning v. Zuckerman, 388 Mass. 8, 12 (1983); Riseman v. Orion Research, Inc., 394 Mass. 311, 313-14 (1985) (93A not intended to redress wrongs asserted by stockholder against a corporation in the internal governance of the corporation); Newton v. Moffte, 13 Mass.App.Ct. 462, 467 (1982) (93A intended to apply only to dealings between legally separate “persons” engaged in arm’s-length transactions). It is also well established that disputes between parties to a joint venture and between fellow shareholders are not actionable under 93A. See Linkage Corp. v. Trustees of Carson, 425 Mass. 1, 23, n.33 (1997); Szalla v. Locke, 421 Mass. 448, 451 (1995).
Thus, to survive the Defendants’ Motion to Dismiss, Joseph Mastromatteo must show that he had a commercial relationship with the defendants or that their actions interfered with “trade or commerce.” The 93A claim against Anthony does not meet either requirement because it is essentially an internal private business dispute between two members of the same corporation. As such, the claim against Anthony does not fall within the purview of G.L.c. 93A and requires dismissal. See Szalla, 421 Mass. at 451. The remaining 93A claims must also be dismissed because Mastromatteo has failed to allege any commercial activity that occurred between himself and Mastromatteo Construction and Jennifer Mastromatteo. Accordingly, the 93A claims against all the named defendants are dismissed with prejudice.

ORDER

For the foregoing reasons, the Defendants’ Motion to Dismiss is ALLOWED as to Plaintiffs c. 93A claims, DENIED as to claims for breach of fiduciary duty and for an accounting, and ALLOWED, subject to Plaintiffs seeking leave to file an amended complaint within 30 days, as to claims for declaratory judgment, conversion, and breach of contract.

In the event plaintiff wishes to pursue these claims as a derivative action, he may within 30 days seek leave to file an amended complaint.