Fremont-Smith, Thayer, J.
This case arises out of a dispute between plaintiff, Gary DeAngelis (plaintiff), and defendants Weston Associates Management, Co., Inc.; Weston Associates, Inc.; Weston Associates Development Company, Inc.; 39 Beaver, LLC; Paul J. Donahue, Jr.; and Mark J. Donahue (defendants), over the payment of an employment contract. Defendants move for summary judgment on plaintiffs c. 93A claim, arguing that the claim is outside the scope of c. 93A because it arises from an employer-employee relationship. Plaintiff counters by arguing that the misrepresentations giving rise to his c. 93A claim occurred before there was an employment relationship and are therefore actionable under c. 93A. For the following reasons, defendants’ motion for summary judgment is ALLOWED.

DISCUSSION

Standard of Law

Summary judgment is appropriate where there is no genuine issue of material fact, and where viewing the evidence in the light most favorable to the nonmov-ing parly, the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing parly has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 704, 716 (1991). The nonmoving parly cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

Plaintiff’s c. 93A Claim

Plaintiff alleges that, prior to his accepting employment with the defendants, defendants intentionally misrepresented the amount of compensation he would receive as an employee. Specifically, plaintiff alleges that defendants promised him an hourly wage of $45 though he was paid significantly less than this amount. Assuming, for the purposes of this motion, that these allegations are true, the issue before the Court is whether this conduct “arose out of an employment relationship” and thus falls outside the scope of G.L.c. 93A because of the private nature of an employment contract. See Manning v. Zuckerman, 388 Mass. 8, 10-13 (1983). In discussing this issue, the Court in Manning, stated:
(E)mployment agreements between an employee and the organization of which he is a member do not constitute “trade” or “commerce” as those terms are defined under § 1 (b) of c. 93A. This statutory definition of trade or commerce includes the act of “offering for sale . . . any services.” [The plaintiff] contends that the sale of his “editorial services” falls within this definition. We conclude, however, that the services contemplated by this definition are those offered generally by a person for sale to the public in a business transaction, not those services sold by an employee to an employer within the same organization . . . Similarly, although a magazine publishing company engages in trade or commerce, the hiring and firing of employees is not part of the company’s commercial activities with regard to consumers, competitors, or other business persons ... An employee and an employer are not engaged in trade or commerce with each other. As a result, disputes arising from an employment relationship between an employee and the organization that employs him, or between an employee and other members of that organization are not covered by the c. 93A remedies afforded in commercial transactions. Thus, although we grant that the company is engaged in trade or commerce, [the plaintiff] was not engaged “in the conduct of trade or commerce" within the meaning of § 11, either in his employment relationship with the company or in his relationship with Zuckerman.
Id. at 13 (footnotes omitted) (emphasis supplied).
Although plaintiff acknowledges that, in general, “claims between an employer and employee fall outside the scope of Chapter 93A,” he relies on Weeks v. Harbor National Bank, 388 Mass. 141, 144 n.2 (1983), in arguing that unfair or deceptive conduct during the *644 hiring process is actionable under c. 93A. In Weeks, the Court held that the plaintiff was precluded from recovering on his c. 93A, §11 claim for unfair and deceptive acts in the hiring process because he did not suffer any damages stemming from the defendants’ misrepresentations during pre-employment negotiations. Id. The Court, however, did not express any view as to whether unfair or deceptive acts in the hiring process which had caused damages were actionable under c. 93A, §11. Nevertheless, plaintiff maintains that the fact that the Court decided this issue based on a lack of damages, rather than on the “employment relationship” exemption from Manning, 388 Mass. at 10-12, opens the door for claims under c. 93A, §11 based on unfair or deceptive acts during the hiring process which caused damages.
Specifically, plaintiff relies on the following footnote:
In his complaint, Weeks also alleged that Harbor committed unfair or deceptive acts, or practices in the hiring process. However, the jury in their answers to the special questions found that Weeks suffered no damages from any misrepresentation made by Harbor in the hiring process, and this precludes any relief under c. 93A, §11, since damages are an essential element of the cause of action. General Laws c. 93A, §11, inserted by St. 1972, c. 614, §2, reads in pertinent part: “Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice ... may. .. bring an action.”
Weeks, 388 Mass. at 144 n.2 (internal citations omitted).
Plaintiff overlooks, however, that the Court also acknowledged:
We have recently concluded that the remedies of G.L.c. 93A, §11, are not available to employees in disputes against their employers, which arise from the employment relationship. Manning v. Zuckerman, ante 8, 11-13 (1983). There are no circumstances in this case that lead us to a different conclusion.
Id. at 144 (emphasis supplied).
Thus, the Court declined to carve out a “hiring process” exception to the Manning holding. The cases that have examined this issue following Weeks similarly indicate that unfair or deceptive acts in the hiring process are not actionable under c. 93A, §11. For example, in Whelan v. Intergraph Corp., 889 F.Sup. 15, 21 (D.Mass. 1995), the court held that Weeks did not open the door for c. 93A claims for misconduct during the hiring process:
While the Supreme Judicial Court’s language does not explicitly foreclose the possibility that such a cause of action might exist, it does not go so far as to approve such a claim. Rather, the Court stated only that the absence of damages arising from the employer’s misrepresentation in the hiring process precluded a claim under c. 93A in that case. In the absence of explicit language supporting a c. 93A claim in the context of the recruitment of a prospective employee and in the absence of any Massachusetts authority recognizing such a claim, it would not be appropriate for this court to do so.
Id. See also Aretakis v. General Signal, Inc., 2006 WL 1581781, (D.Mass. 2006) (Woodlock, J.) (unpublished disposition rejecting distinction between disputes arising out of the hiring process and the overall employment relationship).
Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 48-50 (1991), also discusses the scope of the exemption of employment contracts from c. 93A. In Schinkel the defendants argued that the plaintiff, as a consultant, could not maintain a claim under c. 93A because the relationship between the defendants and himself was analogous to an employment relationship. Id. at 59. The Court reversed the trial court’s dismissal of the c. 93A claim because it was not clear that an employment relationship was present, but “without ruling that the plaintiff can overcome the suggested defenses.” Id. at 50. See also Bolen v. Paragon Plastics, Inc. 754 F.Sup. 221, 227-28 (D.Mass. 1990) (denying summary judgment on c. 93A claim because there was a genuine issue of material fact as to whether the plaintiff was an independent contractor rather than an employee of defendant). Here, because there is no dispute that plaintiff was an employee of the defendant, Schinkel is unavailing to plaintiff.
Plaintiff also relies on Michelson v. Aviation Simulation Technology, Inc., 582 F.Sup. 1, 2-3 (D.Mass. 1983). In Michelson, the plaintiff distributed shares of his company, AST, as well as executed promissory notes, guaranteed by AST, in favor of the defendant. Id. at 2. As part of this transaction, the plaintiff executed an at-will employment contract with the defendant. Id. In an appendix to the employment contract, the plaintiff agreed to sell more shares of AST to the defendant in exchange for flight simulators. Id. After the plaintiff terminated his employment, he sought to obtain the flight simulators promised to him. Id. The defendant then coerced the plaintiff into signing an agreement that “substantially modified the terms of [the appendix]” and prohibited him from selling or leasing the flight simulators without the defendant’s approval. Id. Thus the defendant’s misconduct was, at most, tangentially related to its employment contract with the plaintiff. The underlying exchange of stock for flight simulators and cash was considered to be sufficiently distinct from the employment relationship to be actionable under c. 93A. Id. *645 Michelson is also distinguishable because the dispute arose from a commercial transaction (the sale of a company) between independent parties. Here, plaintiffs rights arise solely from his employment relationship with the defendants and there is no other underlying commercial transaction that could give rise to a c. 93A claim. Further, the critical inquiry, according the court in Michelson, is whether “(t]aken as a whole, the allegations . . . may not be characterized fairly as ‘arising out of an employment contract.’ "Id. at 2.
Taken as a whole, plaintiffs allegations here arise out of an employment contract. See also Sargent v. Tenaska, 914 F.Sup. 722, 731-32 (D.Mass. 1996) (in applying Michelson to the plaintiffs claim that the defendant failed to “tender certain interests,” the court held that “ [i]t could not be clearer that plaintiffs claims arise from his employment relationship”); Powderly v. MetraByte Corp., 866 F.Sup. 39, 44 (D.Mass. 1994) (“As [the plaintiffs] claim to his bonus rests on the very Agreement that created an employee-employer relationship, his Chapter 93A claims against [the defendant] arise from that relationship and are barred.”).
Finally, the reasoning behind the exclusion of employer-employee relationships from the purview of c. 93A is particularly germane to the facts of this case. Employment contracts, like shareholder disputes,[2] are excluded from c. 93A because they are essentially “private in nature” and thus do not constitute “trade or commerce.” Here, plaintiff alleges that there were misrepresentations made about the compensation for his employment, but he suffered no damages until: (1) he refused other employment opportunities; or (2) defendants refused to pay him the agreed-upon compensation, both ofwhich circumstances occurred after plaintiff agreed to employment and thus after the start of an employment relationship. Further, plaintiffs sole alleged injury is the balance owed to him for his employment compensation. These circumstances require that this Court conclude that, even if the defendants committed any unfair or deceptive acts during the hiring process, this conduct is not actionable under c. 93A, §11, because, as stated in Manning, 388 Mass. at 13, plaintiff was not engaged in “trade or commerce” as defined under c. 93A, §1.

ORDER

For the foregoing reasons, defendants’ Motion for Summary Judgment for plaintiffs third count, “Unfair Business Practices," is ALLOWED and plaintiffs claim under c. 93A is dismissed with prejudice.

See, e.g., Zimmerman v. Bogoff, 402 Mass. 650, 662-63 (1988) (transactions between parties to a joint venture and fellow shareholders in a corporation are essentially private in nature and are outside the scope of c. 93A); Riseman v. Orion Research Inc., 394 Mass. 311, 313-14 (1985) (c. 93Ainappli-cable to claims by shareholder against corporation involving corporate governance).